The question here presented is answered by the provisions of Sections 4785-10 and 4785-11, General Code, which read in part as follows:
Section 4785-10. "Biennially, within five days after such appointments are made, the members of the board shall meet and organize by selecting one of their number as chairman, who shall preside at all meetings, and a resident elector of the county, other than a member of the board, as clerk, and in counties containing a registration city, a resident elector of the county as deputy clerk, all of which officers shall continue in office for two years. The balloting for such officers shall commence at or before one o'clock p. m. of the day of the convening, and at least one ballot shall be taken every twenty minutes until such organization is effected, or five ballots have been cast, as hereinafter provided. The clerk shall first be *Page 434 
selected by the votes of at least three members. If, after five ballots, no person shall be agreed upon as clerk, the names of all persons voted for on the fifth ballot, together with the names of the board members who nominated them, shall be certified to the Secretary of State, who shall designate therefrom one of such persons to serve as clerk and, in counties containing a registration city, another such person to serve as deputy clerk. The clerk and deputy clerk shall be of opposite political parties, and each such officer shall have been nominated by a board member of the political party to which he belongs * * *. After the selection of the clerk, the chairman shall be selected from the members of the board of opposite politics to that of the clerk * * *."
Section 4785-11. "The Secretary of State may summarily remove any member of a board of elections, or the clerk, deputy clerk, or any other employee of the board, for neglect of duty, malfeasance, misfeasance, or nonfeasance in office, for any wilful violation of the election laws; or for any other good and sufficient cause. Vacancies in the office of chairman or clerk, or deputy clerk shall be filled in the same manner as original selections are made, from persons belonging to the same political party as that to which the out-going officer belonged; otherwise by the Secretary of State.
The respondent Secretary of State contends first, lhat the provisions of Section 4785-11, General Code, are inapplicable to the circumstances of this case, and that, even if applicable, these provisions do not sustain the position of the relator.
The court finds itself unable to agree with either of the respondent's contentions. A careful study of the provisions of Sections 4785-10 and 4785-11 disclosers that they are in partmateria, that they must be read together, and that they are dispositive of this controversy. The chairman and clerk must be of opposite *Page 435 
politics and their terms are fixed at two years each. It is required also that vacancies shall be filled "from persons belonging to the same political party as that to which the outgoing officer belonged." Hence the fact that the chairman attempted to resign is immaterial so far as filling the unexpired term of the clerk is concerned. The outgoing chairman was a Democrat, and the outgoing clerk was a Republican. According to the terms of the statute the new chairman must be a Democrat, and the new clerk must be a Republican. The respondent concedes the mandatory nature of these provisions but insists that they apply only when an officer has been removed and not when he has resigned. Reliance is placed upon the words "removal from office" which the respondent says constitute the title of the act. This is an inaccuracy. These words are the heading of Section 4785-11 but are not the title of the act. It is true that the heading or title given by a legislative body to a statute must be accorded consideration, but it may not be employed to alter the meaning of language that is unambiguous. Although the first sentence of Section 4785-11 relates to the new subject of removal, the second makes immediate and unmistakable reference to the preceding section and subject by providing that "vacancies in the office of chairman or clerk, or deputy clerk shall be filled in the same manner as original selections are made, from persons belonging to the same political party as that to which the outgoing officer belonged; otherwise by the Secretary of State." However, the respondent insists that any apparent connection between these sections is destroyed, so far as he is concerned, by the concluding phrase "otherwise by the Secretary of State." It is his view that this language completely relieves him from the limitations of the preceding section. This court finds no basis for a conclusion that would make possible so much violence to the bi-partisan structure of boards of elections so clearly *Page 436 
established by both the letter and the spirit of the law.
The requested writ of mandamus is allowed requiring the selection of a person belonging to the Republican party and voted for on the fifth ballot to fill the vacancy caused by the resignation of a member of that party from the office of clerk of the board of elections of Athens county.
Writ allowed.
WEYGANDT, C.J., TURNER, WILLIAMS, HART, ZIMMERMAN and BETTMAN, JJ., concur.
MATTHIAS, J., not participating.