Weygandt, C. J.
 

 In support of his answer the respondent contends that he has pleaded facts which show there is no vacancy in the rank of deputy inspector to which the relator can be promoted.
 

 It is admitted that the ordinance of August 31, 1942, increased the number of deputy inspectorships from eight to ten. The respondent alleges that the two newly created positions were filled as of September 1, 1942. Hence, he insists that there is no vacancy to which the relator can be promoted. The relator’s response to this is that in making the two appointments the respondent acted in violation of law and that therefore the two new deputy inspectorships remain vacant.
 

 The respondent’s procedure in filling the two new positions was based upon the fact that the ordinance of August 31, 1942, provided for a number of changes in the structure of the Cleveland police force. Several ranks were abolished — among them that of deputy commissioner of traffic. This rank was listed next above that of deputy inspector, and the latter was.immediately above the rank of captain. However, the salaries for the ranks of deputy commissioner of traffic and deputy inspector were of equal amounts— $3783.60 per year. There were two positions in the rank of deputy commissioner of traffic, and the respondent says that when that rank was abolished he “demoted” the two incumbents to the two new positions in the existing rank of deputy inspector in which the salary had been increased to a minimum of $4067
 
 *631
 
 per year. The relator contends that the transfer of the two men from abolished positions paying $3783.60 per year to new ones paying $4067 per year constituted promotions and not demotions. He insists that the positions of deputy inspector and deputy commissioner of traffic were of equal rank inasmuch as the salaries were of equal amounts, and that therefore the next rank below either of them was in fact that of captain.
 

 The relator relies upon two statutes. The first is Section 486-176, General Code, which provides in part that when “a position above the rank of patrolman in the police department * * * is abolished and the incumbent has been permanently appointed in accordance with the provisions of this act, he shall be demoted to the next lower rank * * *.” Likewise, in Section 486-15a, General Code, appear the following requirements :
 

 “* * * Vacancies in positions above the rank or grade of patrolman * * * in a police * * * department shall be filled by promotion from among persons holding positions in a grade or rank lower than the position to be filled. * * * If there is a list, the civil service commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating and the appointing authority shall appoint such person within thirty days from the date of such certification.”
 

 Hence, the General Assembly has provided in unmistakable terms that when such a position is abolished -the incumbent “shall be demoted to the next lower rank,” and that vacancies above the rank or grade of patrolman “shall be filled by promotion from among persons holding positions in a grade or rank lower than the position to be filled.”
 

 Were the two former deputy commissioners of traffic demoted to the next lower rank and were the newly
 
 *632
 
 created vacancies in the rank of deputy inspector filled by promotion from among persons holding positions-in a rank lower than the position to be filled?
 

 From the pleadings it is apparent that neither of these equally mandatory requirements has been met. The respondent concedes that there has been no promotion from a lower rank to that of deputy inspector in compliance with the second. As to the first requirement the relator relies upon that part of Section 486-15a, General Code, which provides that for “the purpose oí this section, an increase in the salary or other compensation of anyone holding a position in a police * * * department, beyond that fixed for the grade or rank in which such position is classified, shall be deemed a promotion.” The salary of each of the two- former 'deputy commissioners of traffic was-$3783.60. The respondent transferred them to the two newly created positions in the rank of deputy inspector at a minimum salary of $4067. Under the language of the statute it would be futile to attempt to-construe this action as a demotion. Hence, it is apparent that the respondent was in error. The relator’s-name admittedly is and has been the first or highest on the promotional eligible list since August 31, 1942, and he was entitled to be appointed within thirty days-from the date of certification by the civil service commission. '
 

 The respondent comments upon what he considers to-be the unwisdom of the provisions of these statutes. However, that is not a judicial problem but rather a matter of legislative policy resting in the discretion of the General Assembly.
 

 The relator relies upon the decision of this court in-the case of
 
 State, ex rel. Taiclet,
 
 v.
 
 Cull,
 
 140 Ohio St., 207, 42 N. E. (2d), 983. It is true that the same statutes were involved, but the question was different. In
 
 *633
 
 that case the position or rank was not abolished but the services of the incumbent became unnecessary. In the instant controversy two positions were abolished and two new ones established. The syllabus in that ■case reads as follows:
 

 “Under the provisions of Section 486-17Z?, General Code, a marine engineer permanently appointed to a position above the rank of regular fireman in a city fire department is entitled to a permanent appointment in the next lower rank in the department when his services in the higher rank are no longer necessary.”
 

 The demurrer to the respondent’s answer must be .sustained and the writ of mandamus allowed.
 

 Wfit allowed.
 

 Matthias, Hart, Zimmerman and Bell, JJ., concur.
 

 Williams, J., not participating.