THE STATE, EX REL. CROFT ET AL., APPELLANTS, *v.* JANIS, DIR., DEPT. OF MENTAL HYGIENE AND CORRECTION, ET AL., APPELLEES.

[Cite as State, ex rel. Croft, v. Janis (1970), 24 Ohio St. 2d 33.]

(No. 69-737—Decided September 24, 1970.)

34

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. John A. Brown,* for appellants.

*Mr. Paul W. Brown,* attorney general, *Mr. B. William Dunlap* and *Mr. Peter J. Rakay,* for appellees.

*Per Curiam.* The issue raised in this appeal is whether relators are entitled to a writ of mandamus compelling respondents to compensate them for the half-hour meal periods, during which periods relators assert that they were on duty because they were subject to call and occasionally some of them did, in fact, work.

R. C. 143.11, as applicable herein, provided for compensation for hours of work performed beyond the normal 40-hour work week. However, R. C. 143.11 provided further that such compensation be paid only where employees were required to work overtime by "a responsible administrative authority or superior."

Thus, under that statute it is only where an employee works extra hours at the direction of a responsible ad-

ministrative authority or his superior that he becomes entitled to extra compensation.

In their petition, appellants do not allege that the overtime work for which they claim compensation was required by order of a responsible administrative authority. An examination of the record discloses that although appellants' duties sometimes required them to perform work during their half-hour lunch periods there was no order requiring such work. In view of this it cannot be said that under R. C. 143.11 there is a clear legal duty on the part of respondents to pay the overtime sought by appellants.

In the body of law covering extraordinary legal remedies it is fundamental that before a writ of mandamus will be allowed the relator must establish a clear right to the relief sought. *State, ex rel. Welsh,* v. *Ohio State Medical Board,* 176 Ohio St. 136.

Inasmuch as appellants have not shown a clear legal right to the relief sought, the judgment of the Court of Appeals, denying the writ, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HOFSTETTER, DUNCAN and CORRIGAN, JJ., concur.

HOFSTETTER, J., of the Eleventh Appellate District, sitting for MATTHIAS, J.

HERBERT, J., dissenting. I conclude from the record that this cause should be remanded for an evidentiary determination of whether all or some of the appellants were, in fact, required to be on appellee's premises during the disputed periods.

SCHNEIDER, J., concurs in the foregoing dissenting opinion.