THE STATE, EX REL. FINN, APPELLEE, *v.* CITY OF GARFIELD HEIGHTS ET AL., APPELLANTS.

(No. 72-459—Decided April 11, 1973.)

*Messrs. Barragate & Barragate*, for appellee.
*Mr. Theodore S. Holtz*, director of law, for appellants.

WILLIAM B. BROWN, J.    The issue presented in this case is: Whether a writ of mandamus should issue to compel the respondents, officials of the city of Garfield Heights, to elevate the top person on the civil service eligibility list to a position of captain in the fire department, where that position was created by ordinance of city council but was not funded.

There is no dispute that city council adopted an ordinance on December 8, 1969, that increased the number of captains in the fire department from three to four; that city council did not appropriate money for this position for 1970; that relator took the promotional civil service examination; that, as a result, he is number one on the eligibility list for the fourth captain's position. It is disputed whether a vacancy exists for the fourth captain's position which was duly created by city council but not funded.

For a writ of mandamus to issue, relator "must establish a clear right to the relief sought." *State, ex rel. Croft,* v. *Janis* (1970), 24 Ohio St. 2d 33, 35.   See, also, *State, ex rel. Auto Loan Co.,* v. *Jennings* (1968), 14 Ohio St. 2d 152.

To establish a clear right to the office the relator relies, first, on ordinance No. 72-1969, which reads, in pertinent part:

"(C)  There shall be four (4) third class firemen known as captains of the fire department who shall each receive the sum of ten thousand seven hundred forty dollars ($10,-740) per annum, payable every two weeks."

Secondly, he relies on R. C. 143.342, which provides in part:

"Where an eligible list exists and a vacancy occurs which may be filled from such eligible list, the vacancy shall be filled within a period of not more than ten days from the date of such vacancy."

Thirdly, relator cites the case of *State, ex rel. Wolcott,* v. *Celebrezze* (1943), 141 Ohio St. 627, for the proposition that vacancies must be filled by the promotion of people from a lower grade or rank.

Those enactments and that case did not establish that there was a vacancy at the time relator was first on the eligibility list. The ordinance created the position; the statute requires that "where a vacancy occurs * * * the vacancy shall be filled"; but neither ordinance nor statute answers the key question of whether a vacancy occurs.

Relator contends that:

"* * * It is the duty of the mayor and/or his safety director, under and pursuant to the city's charter, to comply with the ordinance so adopted and to fill the existing vacancy of the rank of captain thereby created and to make and submit to council such appropriations as may be necessary therefor regardless of whether or not in the judgment of the mayor the legislation adopted is 'unwise.' This is clearly indicated in *State, ex rel. Wolcott,* v. *Celebrezze* * * *"

Relator's argument begs the question, for it assumes that there is a vacancy. Where a city council creates an additional position, without either appropriating money therefor or attempting to fill it, there is not necessarily a "vacancy" in the position, as that word is used in R. C. 143.342 or in the *Wolcott* case.

"The term 'vacancy,' in relation to public office, is not subject to any technical definition or meaning." *State, ex rel. Flex,* v. *Gwin* (1969), 20 Ohio St. 2d 29, 30.

In the following cases, in which the court issued a writ of mandamus to fill a vacancy in a position, there was a previous occupier of that position and there was no allegation of inadequate appropriation. *State, ex rel. Wolcott,*

v. *Celebrezze, supra* (141 Ohio St. 627); and *State, ex rel. Murphy,* v. *Bd. of Elections* (1941), 138 Ohio St. 432.

Thus, relator has not shown that he has a clear right to the position sought. Therefore, the writ of mandamus should have been denied. We hold that where a city council passes an ordinance creating an additional captain's position in its fire department, but for which position council has not appropriated funds, there is no "vacancy" in the position, as that word is used in R. C. 143.342, and the top person on the civil service eligibility list for such position is not entitled to a writ of mandamus to compel city officials to make an appointment to the position.

Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.