THE STATE, EX REL. PELL, APPELLANT, *v.*
CITY OF WESTLAKE ET AL., APPELLEES.

(No. 80-487—Decided December 30, 1980.)

*Mr. Dennis F. Butler* and *Mr. John P. Butler*, for appellant.

*Mr. Bernard J. Niehaus*, director of law, for appellees.

*Per Curiam.* The threshold question is whether appellant is the sole person eligible for the promotion to the position of sergeant. We begin the analysis by recognizing that the charter of a city, as approved by the residents of that city, represents the framework within which the city government must operate. *Cleveland, ex rel. Neelon,* v. *Locher* (1971), 25 Ohio St. 2d 49.

In this case, Section 12(d) of Article IV of the Charter of Westlake[2] requires the civil service commission to act in accordance with the "general law" of this state, where that general law does not conflict with the charter itself. The rele-

---

[2] Section 12(d) of Article IV provides:

"(d) Duties. The Commission shall provide by rule for ascertainment of merit and fitness as the basis for appointment and promotion in the classified service of the Municipality, as required by the Constitution of the State of Ohio, and for appeals from the action of the Mayor in any case of transfer, reduction or removal, and the action of the Commission on any such appeal shall be final. The Commission shall keep a record of its proceedings and, in all matters not in conflict with this Charter, shall conduct its affairs in accordance with the provisions of the general law. The record of all public proceedings of the Commission shall be available for public inspection and any person who has taken an examination for appointment or promotion in the classified service may inspect his own examination paper. (Amended Nov. 2, 1965.)"

vant general law here is R. C. 124.44,[3] which, in the case of a promotion, orders a civil service commission to certify to the appointing authority the person with the highest score on the qualifying examination. Furthermore, the provisions of this section have been specifically adopted by the Westlake Civil Service Commission in Section 1 of its own Rule XVIII.[4] Although the charter and the commission's rule are in direct conflict with Westlake's Ordinance No. 137.06,[5] which instructs the commission to certify the three highest individuals on the qualification list, the provisions of the charter must prevail over the ordinance, as indicated above. Thus, the appellant in this case is clearly entitled to be certified to his appointing authority as being entitled to the next vacancy which occurs in the position of sergeant, and the commission is under a legal duty to so certify the appellant to the respondent-mayor.

We turn to the next question, namely, whether there is

---

[3] R. C. 124.44 provides, in pertinent part:

"***Whenever a vacancy occurs in the position above the rank of patrolman in a police department, and there is no eligible list for such rank, the municipal or civil service township civil service commission shall, within sixty days of such vacancy, hold a competitive promotional examination. After such examination has been held and an eligible list established, the commission shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification, the appointing officer shall appoint the person so certified within thirty days from the date of such certification. If there is a list, the commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating, and the appointing authority shall appoint such person within thirty days from the date of such certification."

[4] Section 1, Rule XVIII of the Rules of the Civil Service Commission of the City of Westlake provides, in pertinent part:

"Vacancies in the position above the rank of regular fireman or patrolman shall be filled by competitive promotional examinations only. The certification of eligibles shall be only the person achieving the highest passing grade***."

[5] Ordinance 137.06 of the city of Westlake provides:

"When a position in the Police Department is to be filled, other than an original appointment, the appointing authority shall notify the Civil Service Commission of such fact. The Commission shall certify to such authority the names of three candidates attaining passing grades and standing highest on the eligible list for the class or grade to which such appointment is to be made. However, in a promotional examination wherein fewer than three attained a passing grade, only those so passing shall be certified. The appointing authority shall appoint one of the certified persons to such position. (Ord. 1963-40. Passed 6-6-63.)"

presently a "vacancy" in the grade of sergeant in the Westlake Police Department. Westlake Ordinance No. 137.01 provides for the table of organization for the police department and includes four sergeants. It is undisputed that there are presently only three sergeants on the Westlake Police force.

*State, ex rel. Finn,* v. *Garfield Heights, supra* (34 Ohio St. 2d 5), instructs that a "vacancy" entitling a person to a promotion to a higher grade in a municipal police or fire department does not exist, in the context of a right to a writ of mandamus to compel the promotion, unless the city council has appropriated money sufficient to fund the promotion.[6]

Historically, as here, city councils adopt appropriations for salaries for police departments by a single line item with one lump sum figure. Such an appropriation ordinance does not contain a specifically earmarked sum for any specific number of policemen or any specific number of officers, or any specific breakdown as to the allocation of the officers' rank or any other designated purpose. However, the Court of Appeals adopted the argument of the city, which is that absent a specific express appropriation by council to fund the particular promotion, mandamus is not available. We reject that position. To place such a burden on an individual police officer, otherwise eligible for promotion, would constitute a *pro tanto* repeal of the constitutional mandate that promotions in the civil ser-

---

[6] In the *Finn* case, legislation was introduced by an outgoing administration and adopted in December of 1969 creating additional positions in the grade of captain for both the police and fire departments. Additionally, the number of patrolmen was increased from 22 to 55 and the number of fifth class firemen from 33 to 55. In 1970, the incoming administration declined to promote Finn, a lieutenant in the fire department, to the grade of captain, claiming such a promotion would plunge the city further into debt. Presumably, the additional 33 patrolmen and 22 firemen were not appointed. Under such circumstances, this court declined to issue a writ of mandamus, declaring, at page 8, that "***Where a city council creates an additional position, without either appropriating money therefor or attempting to fill it, then there is not necessarily a 'vacancy' in the position***." By way of contrast, in the cause at hand, Ordinance No.137.01 calling for four sergeants in the Westlake Police Department had been in existence for several years. See Codified Ordinances of the city of Westlake, Ohio, complete to October 15, 1975, which includes Ordinance No. 137.01 calling for an officer ranking in the police department of one chief, three captains, not more than four lieutenants, and four sergeants.

vice shall be according to merit and fitness. Section 10 of Article XV of the Constitution of Ohio.

Likewise, we reject the proposition that the budget request papers of the administration (relator's Exhibit No. 4) are controlling on the issue of the availability of funds for the particular promotion in dispute. The amount appropriated for police salaries is on its face sufficient to fund the appellant's promotion. (See fn. 1.) To deny mandamus because of administration testimony that its budget request did not contemplate this particular promotion would allow a mayor to avoid any personally obnoxious, but otherwise meritorious and fit, promotion as objectively determined by competitive examination.

In sum, finding (1) that there exists a vacancy in the position of sergeant in the Westlake Police Department, and (2) that appellant is the sole person eligible for promotion to that position, and (3) that the city's allegation of an inadequate appropriation is unsupported, we hold that appellant has demonstrated that he is entitled to the promotion and that the mayor has a clear legal duty to order the appointment of appellant to the rank of sergeant.[7] No legal remedy exists which would prove to be adequate to enforce this duty other than the present action. Appellant has established the prerequisites to maintain an action for a writ of mandamus. *State, ex rel. Brown,* v. *Cleveland* (1979), 58 Ohio St. 2d 232, 233; *State, ex rel. Clark,* v. *Krause* (1977), 52 Ohio St. 2d 201, 203.

We reverse the judgment of the Court of Appeals and order that the writ be allowed.

*Judgment reversed*
*and writ allowed.*

P. Brown, Sweeney, Locher and Dowd, JJ., concur.

Celebrezze, C. J., W. Brown and Holmes, JJ., dissent.

[7] The record before us indicates that on May 17, 1979, city council made an unexplained reduction of $50,000 in its appropriation for police salaries. It is our ruling that appellant should have been certified by the Westlake Civil Service Commission on January 25, 1979, as the sole person eligible for promotion to the vacancy in the rank of sergeant and then so promoted by the mayor. Thus ruling, we reject the proposition that the appellant's right to the promotion can be summarily defeated by subsequent reductions in the police salary appropriation account.

WILLIAM B. BROWN, J., dissenting. In my judgment, the threshold question is whether there was a vacancy for the position of sergeant in fiscal year 1979. Because I believe that the instant cause is governed by *State, ex rel. Finn,* v. *Garfield Heights* (1973), 34 Ohio St. 2d 5, and because it is of no consequence that the sergeant's position was already in existence, I would find that council did not appropriate the funds for appellant's promotion. Therefore, there was no vacancy.

CELEBREZZE, C. J., and HOLMES, J., concur in the foregoing dissenting opinion.