NORTHERN OHIO PATROLMEN'S BENEVOLENT ASSOCIATION ET AL., APPELLANTS, *v.* CITY OF NORTH OLMSTED ET AL., APPELLEES.

(No. 47429—Decided April 30, 1984.)

*Mr. Paul S. Lefkowitz, Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Thomas V. Martin,* for appellants.
*Mr. Daniel J. Ryan* and *Mr. Michael R. Gareau,* for appellees.

MARKUS, J. A police officer and his professional association filed this declaratory relief action against the city which employs the officer and its civil service commission.[1] Plaintiffs seek a determination that a civil service commission rule which limits appeals to the commission violates the city's charter. The trial court granted judgment for the defendants and upheld the rule's validity. Previous decisions by this court and the Supreme Court require us to reverse and hold that the commission lacked authority to make the challenged rule for a member of the police department.

Plaintiffs dispute the validity of a provision in North Olmsted Civil Service Commission Rule IX, which prohibits appeals from suspensions for five days or less:

"An employee may be suspended for a period not to exceed five (5) working days for purposes of discipline without the right of appeal."

---

[1] Plaintiffs also named the Attorney General as a party defendant to satisfy R.C. 2721.12 to the extent it applies here. The Attorney General has not participated in the proceedings before this court or the trial court.

In their appellate brief, defendants do not contest plaintiffs' standing to sue or assert any duty by plaintiffs to exhaust administrative remedies. The record establishes that the city suspended the plaintiff officer from his employment for five days. Thereafter, the civil service commission declined to hear his appeal from that order on the basis of the contested rule against appeals from such suspensions.

Defendants correctly assert that North Olmsted has exercised its prerogative to provide home rule pursuant to a city charter. Section 7, Article XVIII, Ohio Constitution. Regulation of the city's civil service is properly a matter for local control by principles established in the charter. *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191 [5 O.O.2d 481]. The charter is the city's organic law which governs the city's exercise of its home rule powers. *Fuldauer* v. *Cleveland* (1972), 30 Ohio App. 2d 237 [59 O.O.2d 389].

Article VI of the North Olmsted Charter establishes and regulates the city's civil service commission. Sections 3 and 4 provide:

"Section 3: DUTIES * * *

"The Civil Service Commission shall prescribe, amend, and enforce rules for the classification of offices, positions, and employment in the Civil Service of the City; for examinations and resignation therefor; for appointment, promotions, removals, transfers, lay-offs, suspensions, reduction and reinstatement therein; and for standardizing positions and maintaining efficiency therein. * * *

"* * *

"Said rules and procedures applicable in all matters pertaining to the Commission not hereinabove specifically provided for, shall be in accordance with the Constitution of the State of Ohio or the laws thereof.

"Section 4: PROCEDURE * * *

"The Civil Service Commission of the City of North Olmsted shall prescribe and enforce rules for the Classified Service, keep a record of its proceedings and examination, which shall be open to public inspection, and shall in all matters not in conflict with this Charter, conduct its affairs in accordance with the provisions of the general law, * * *."

No other language in the charter designates which suspension orders are appealable to the civil service commission and which are not reviewable by the commission. If Section 3 has not "specifically provided for" the commission's "rules and procedures," they "shall be in accordance with the Constitution of the State of Ohio or the laws thereof." Section 4 directs that the commission "shall in all matters not in conflict with this Charter, conduct its affairs in accordance with the provisions of the general law."

While North Olmsted has no obligation to follow civil service procedures established by state statutes, it has chosen by its charter to do so. Cf. *State, ex rel. Pell,* v. *Westlake* (1980), 64 Ohio St. 2d 360 [18 O.O.3d 514]; *State, ex rel. Krieger,* v. *Broadview Heights* (Apr. 8, 1983), Cuyahoga App. No. 46458, unreported, affirmed (1984), 11 Ohio St. 3d 139; *State, ex rel. Krejci,* v. *North Royalton* (June 9, 1983), Cuyahoga App. No. 46556, unreported, appeal pending in case No. 84-493.

In the *Pell* case, the Westlake charter used language identical to the provision quoted above from Section 4 of the North Olmsted Charter. See *Pell, supra,* at 361, fn. 2. The Supreme Court ruled that this language incorporated state civil service laws into the Westlake Charter where no contrary provision directed otherwise. This court reached the same result in construing comparable provisions in charters adopted by Broadview Heights and North Royalton in the *Krieger* and *Krejci* cases.

R.C. 124.34 controls suspensions of police officers, to the extent they are governed by state law:

"In the case of the suspension for any period of time, or demotion, or removal of * * * any member of the police or fire department of a city or civil service township, the appointing authority shall furnish such * * * member of a department with a copy of the order of suspension, demotion, or removal, which order shall state the reasons

therefor. Such order shall be filed with the municipal or civil service township civil service commission. Within ten days following the filing of such order such member of a department may file an appeal, in writing, with the municipal or civil service township civil service commission. In the event such an appeal is filed, the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority. An appeal on questions of law and fact may be had from the decision of the municipal or civil service township civil service commission to the court of common pleas in the county in which such city or civil service township is situated. Such appeal shall be taken within thirty days from the finding of the commission."

Plainly, North Olmsted Civil Service Commission Rule IX conflicts with procedures established for police officers by R.C. 124.34. The commission rule prohibits appeals from suspensions for five working days or less, while R.C. 124.34 allows appeals from suspensions "for any period of time."

The defendant city and its civil service commission argue that the North Olmsted Charter does establish procedures which conflict with and therefore supersede R.C. 124.34. They refer to the provisions in Article VI, Sections 3 and 4, which authorize the commission to "prescribe and enforce rules." However, those general authorizations do not constitute matters "specifically provided for" in Section 3. Nor do they conflict with R.C. 124.34, so the commission must conduct such activities "in accordance with the provisions of the general law."

Therefore, in conformity with the decisions in *Pell, Krieger,* and *Krejci,* we hold that North Olmsted's Charter in-

corporates by reference the procedures prescribed by R.C. 124.34. Consequently, for a North Olmsted police officer, the civil service commission lacked authority to promulgate the challenged rule. The city's commission cannot act in violation of the city charter.

As all parties agree, there are no factual issues involved in this case. The result turns solely on matters of law involved in construing the charter, the statute, and the commission rule. Therefore, we sustain plaintiffs' assigned error which complains about the summary judgment granted to defendants. We reverse the trial court's judgment and enter judgment for plaintiffs in conformity with this opinion.

*Judgment reversed.*

CORRIGAN, P.J., and ANN MCMANAMON, J., concur.