THE STATE, EX REL. KRIEGER, APPELLEE, *v.* CITY OF BROADVIEW HEIGHTS ET AL., APPELLANTS.

[Cite as State, ex rel. Krieger, *v.* Broadview Hts. (1984), 11 Ohio St. 3d 139.]

(No. 83-659—Decided June 13, 1984.)

*Mr. Thomas E. O'Toole,* for appellee.
*Mr. Joseph W. Diemert, Jr.,* director of law, for appellants.

*Per Curiam.* The Charter of the city of Broadview Heights, Ohio, provides in Section 9(c)(2), Article V that the civil service commission shall "* * * in all matters not in conflict with this Charter * * * conduct its affairs in accordance with the provisions of general law." The relevant general law here is R.C. 124.44 which requires civil service commissions to hold examinations for promotions in police departments and then "certify to the appointing officer the name of the person receiving the highest rating."

In *State, ex rel. Pell,* v. *Westlake* (1980), 64 Ohio St. 2d 360 [18 O.O.3d 514], this court was confronted with a similar issue and charter provision. This court, in *Westlake,* held that the charter language compelled the city of Westlake to appoint the person with the highest rating in accordance with R.C. 124.44, even though a Westlake ordinance required the appointment of any one of three candidates receiving the highest ratings on the competitive examination.

In view of the fact that the Charter of Broadview Heights mandates that a promotion to chief of police be in accordance with general law, it is not necessary for the court to review the municipal civil service commission rules vis-a-vis any conflict with R.C. 124.44. R.C. 124.44 controls the instant case. Appellee, having been certified by the civil service commission as the person receiving the highest rating, is entitled to a writ of mandamus ordering his promotion to the position of chief of police.

By reason of the foregoing the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

J. P. CELEBREZZE, J., not participating.