ZAVISIN, APPELLANT, *v.* CITY OF LOVELAND ET AL., APPELLEES.

[Cite as Zavisin *v.* Loveland (1989), 44 Ohio St. 3d 158.]

(No. 88-1097—Submitted May 3, 1989—Decided August 2, 1989.)

*Baden, Jones, Scheper & Crehan Co., L.P.A.,* and *David H. Landis,* for appellant.

*Lindhorst & Dreidame, Leo J. Breslin, Steven E. Martin* and *Vernon Stiver,* for appellees.

ALICE ROBIE RESNICK, J. The question before this court is the inter-relationship between R.C. 124.44,[1] which provides the procedure for pro-

---

[1] R.C. 124.44 provides:

"No position above the rank of patrolman in the police department shall be filled by original appointment. Vacancies in positions above the rank of patrolman in a police department shall be filled by promotion from among persons holding positions in a rank lower than the position to be filled. No position above the rank of patrolman in a police department shall be filled by any person unless he has first passed a competitive promotional examination. Promotion shall be by successive ranks so far as practicable, and no person in a police

motion of police patrolmen, and R.C. 124.37,[2] which sets forth the procedure for removals, reappointments and demotions in police and fire departments. Specifically the issue is whether upon a vacancy in a position above the rank of patrolman, must the vacancy be filled pursuant to R.C. 124.44 or may the vacant position be abolished within the sixty-day period?

When a position in a police department has been both established and occupied by appointment, a vacancy in that position automatically occurs upon the retirement of the incumbent. *McCarter* v. *Cincinnati* (1981), 3 Ohio

---

department shall be promoted to a position in a higher rank who has not served at least twelve months in the next lower rank. No competitive promotional examination shall be held unless there are at least two persons eligible to compete. Whenever a municipal or civil service township civil service commission determines that there are less than two persons holding positions in the rank next lower than the position to be filled, who are eligible and willing to compete, such commission shall allow the persons holding positions in the then next lower rank who are eligible, to compete with the persons holding positions in the rank lower than the position to be filled. An increase in the salary or other compensation of anyone holding a position in a police department, beyond that fixed for the rank in which such position is classified, shall be deemed a promotion, except as provided in section 124.491 of the Revised Code. Whenever a vacancy occurs in the position above the rank of patrolman in a police department, and there is no eligible list for such rank, the municipal or civil service township civil service commission shall, within sixty days of such vacancy, hold a competitive promotional examination. After such examination has been held and an eligible list established, the commission shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification, the appointing officer shall appoint the person so certified within thirty days from the date of such certification. If there is a list, the commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating, and the appointing authority shall appoint such person within thirty days from the date of such certification.

"No credit for seniority, efficiency, or any other reason shall be added to an applicant's examination grade unless the applicant achieves at least the minimum passing grade on the examination without counting such extra credit."

[2] R.C. 124.37 provides:

"When it becomes necessary in a police or fire department, through lack of work or funds, or for causes other than those outlined in section 124.34 of the Revised Code, to reduce the force in such department, the youngest employee in point of service shall be first laid off. Should a position in the police or fire department once abolished or made unnecessary be found necessary to be re-created or re-established within three years from the date of abolishment, or should a vacancy occur through death, resignation, or any other cause within three years from the date of the abolishment of the position or layoff, the oldest employee in point of service of those laid off shall be entitled to the position, providing he was at the date of his separation a regular and permanent employee. If any employee laid off as prescribed in this section, enters into the active service of the army, navy, marine corps, or other armed service of the United States, the period such employee serves therein shall not be considered in the determination of the three years stipulated as a maximum time within which reinstatements shall be made; such three-year period shall be computed exclusive of the time the employee spent in the armed services. When a position above the rank of patrolman in the police department and above the rank of regular fireman in the fire department is abolished, and the incumbent has been permanently appointed, he shall be demoted to the next lower rank and the youngest officer in point of service in the next lower rank shall be demoted, and so on down until the youngest person in point of service has been reached, who shall be laid off."

App. 3d 244, 3 OBR 276, 444 N.E. 2d 1053, paragraph one of the syllabus, cited with approval in *State, ex rel. Bardo,* v. *Lyndhurst* (1988), 37 Ohio St. 3d 106, 112, 524 N.E. 2d 447, 453. Thus, there was a vacancy in the position of police lieutenant in the Loveland Police Department on September 11, 1986.

Appellant contends that the procedure in R.C. 124.44 is mandatory upon a vacancy and that the position must be filled by appointment before it is abolished because R.C. 124.37 presupposes the existence of an incumbent.

Appellees construe R.C. 124.37 to read that if the position is currently filled, *i.e.,* has an incumbent, then there must be demotions through the ranks pursuant to R.C. 124.37, but if the position is not currently filled, *i.e.,* is vacant, then R.C. 124.37 is inapplicable and the position can be abolished without first having to be filled by appointment pursuant to R.C. 124.44.

"The purpose of the civil service system is to provide a 'stable framework of public offices upon which a workable civil service system may be constructed' while 'avoiding the traditional spoils system * * * and * * * providing a method of fair employee selection and promotion based upon merit and fitness.' *McCarter* v. *Cincinnati* (1981), 3 Ohio App. 3d 244, 248. * * *'' *Hungler* v. *Cincinnati* (1986), 25 Ohio St. 3d 338, 344, 25 OBR 392, 397, 496 N.E. 2d 912, 917.

Appellees' argument is basically one of efficiency — that it would be futile to make an appointment to a position that is going to be abolished. However, in *Hungler* we rejected this argument, stating that "[u]nder the guise of efficiency, cities could effectively read R.C. 124.37 out of the code." *Id.* at 344, 25 OBR at 397, 496 N.E. 2d at 917, fn. 2. We further acknowledged that the results of adherence to this procedure may be harsh in some instances, but the parties must accept those consequences and "play by the same rule." *Id.* at 344, 25 OBR at 397, 496 N.E. 2d at 917. Thus, we stated that "R.C. 124.37 provided the stable and predictable procedure to be followed when the city decided to abolish the higher ranking police positions for lack of work." *Id.*[3] See, also, *Vogeler* v. *Cincinnati* (1984), 16 Ohio App. 3d 393, 16 OBR 462, 476 N.E. 2d 676; *State, ex rel. Barnes,* v. *Kirsch* (Sept. 19, 1979), Butler App. No. CA78-07-0064, unreported. No exceptions or alternative procedures are provided in legislation for this common fact pattern. Therefore "[t]he abolishment of a classified civil service position above the rank of patrolman in the police department for lack of work or funds, or for causes other than those outlined in R.C. 124.34, must be accomplished in conformance with R.C. 124.37." *Hungler, supra,* at 344, 25 OBR at 397, 496 N.E. 2d at 917.

Appellees further contend that no employee is harmed if the vacancy is abolished without first being filled by appointment pursuant to R.C. 124.44. On the contrary, seniority rights are affected thereby. An officer permanently appointed to the vacant position pursuant to R.C. 124.44, whose position is later abolished in conformance with R.C. 124.37, resulting in

---

[3] The reason given by the appellees for the "abolition" of the position of police lieutenant in the Loveland Police Department, as being for reasons of "efficiency," is not supported by affidavits or other evidence in the record; it thus would appear that it was "for causes other than those outlined in section 124.34 of the Revised Code." See R.C. 124.37.

his demotion, has the right to be reappointed to that position should it be recreated within three years or should another vacancy occur within three years of his demotion due to the abolishment of the position. Therefore, we hold that the procedure set forth in R.C. 124.44 is mandatory upon the occurrence of a vacancy in a position above patrolman, and that the vacant position must be filled by appointment before it is abolished pursuant to R.C. 124.37, which presupposes the existence of an incumbent.

Since the city of Loveland did not abolish the lieutenant's position in accordance with R.C. Chapter 124, the elimination of the position was unlawful and void.

The judgment of the court of appeals is reversed and the entry of summary judgment in favor of appellant is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. I respectfully dissent from the majority's opinion and would affirm the court of appeals' decision below.

The facts in this case do not parallel the situations that occurred in cases upon which the majority relies. There is no evidence of the "demotion-repromotion shell game" used to illegally eliminate a position as existed in *Hungler* v. *Cincinnati* (1986), 25 Ohio St. 3d 338, 25 OBR 392, 496 N.E. 2d 912, and in *Vogeler* v. *Cincinnati* (1984), 16 Ohio App. 3d 393, 16 OBR 462, 476 N.E. 2d 676. Nor is there any evidence of abuse of discretion as in *State, ex rel. Bardo,* v. *Lyndhurst* (1988), 37 Ohio St. 3d 106, 524 N.E. 2d 447, where the mayor, without any authority, instituted a promotion freeze and refused to advise the Lyndhurst Civil Service Commission of a vacancy and to ask it to certify the top candidate on the eligibility list for promotion to lieutenant in the police department. An essential element to the holding in *Bardo* is the fact that there was a continuing city council appropriation for the vacant position. *Id.* at 112, 524 N.E. 2d at 453.

Finally, there is *no* evidence of bad faith on the part of the appellees or extension of the date of the promotional examination beyond the statutorily mandated sixty days as was the situation in *McCarter* v. *Cincinnati* (1981), 3 Ohio App. 3d 244, 3 OBR 276, 444 N.E. 2d 1053.

Rather, the undisputed facts are that the Loveland City Council validly voted to eliminate the lieutenant's position and the funding for it *prior* to the expiration of the sixty days. The plain words of R.C. 124.37 *require* an incumbent. The law does not justify requiring a city to conduct a promotional examination and to make an appointment to a non-existent position without an incumbent and then go through the demotion process. This "reverse shell game" is absurd and thus I dissent.

HOLMES, J., concurs in the foregoing dissenting opinion.