This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Anna Mae Nagel, May Belle Nagel, and Donald Nagel, appeal from the decision of the Lorain County Court of Common Pleas, which dismissed their administrative appeal. We affirm.
 I.
{¶ 2} Appellants own property adjacent to a proposed commercial development at the intersection of Detroit and Lear Nagel Roads in Avon, Ohio. Discount Drug Mart proposed to develop the corner lot, and, in the proposed development plan, included a plan for providing a landscaping buffer between the proposed development and the surrounding properties. The City of Avon Planning Commission ("Planning Commission") approved the development plan, including the landscaping plan, on July 18, 2001.
{¶ 3} Appellants appealed the decision of the Planning Commission to the Lorain County Court of Common Pleas pursuant to R.C. Chapter 2506. Appellees, the City of Avon and the Planning Commission, filed a motion to dismiss, arguing that the decision of the Planning Commission was not a final order that could be appealed pursuant to R.C. 2506.01 and that Appellants failed to exhaust their administrative remedies. The Lorain County Court of Common Pleas granted Appellees' motion to dismiss, finding that the decision of the Planning Commission was not a final order and that Appellants had failed to exhaust their administrative remedies because they did not file an appeal with the Board of Zoning and Building Appeals ("Board"). This appeal followed.
{¶ 4} Appellants raise two assignments of error for review. We address the second assignment of error first.
 II. Second Assignment of Error {¶ 5} "THE TRIAL COURT ERRED WHEN IT DISMISSED THE ADMINISTRATIVE APPEAL FOR LACK OF JURISDICTION AND HELD THAT THE BOARD OF ZONING APPEALS HAD JURISDICTION TO HEAR AND DECIDE APPEALS OF THE PLANNING COMMISSION DECISIONS ON FINAL DEVELOPMENT PLANS OF PRIVATE DEVELOPERS."
{¶ 6} In their second assignment of error, Appellants argue that the trial court erred when it dismissed their administrative appeal for failure to exhaust administrative remedies because they did not file an appeal with the Board. Appellants contend that the Avon Codified Ordinances do not provide for appeals of Planning Commission decisions to the Board and that the "Planning Commission is the final arbiter of private development plans submitted by a private developer[.]"
{¶ 7} Appellants appealed the decision of the Planning Commission to the court of common pleas, pursuant to R.C. 2506.01. R.C. 2506.01
provides, in pertinent part:
 {¶ 8} "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located[.]"
{¶ 9} In general, a party must exhaust its administrative remedies prior to appealing an administrative decision to the court of common pleas under R.C. 2506.01. See Lamar Outdoor Advertising v. Dayton Bd. of ZoningAppeals, 2d Dist. No. 18902, 2002-Ohio-3159, ¶ 17; Noernberg v. BrookPark (1980), 63 Ohio St.2d 26, 29. The Ohio Supreme Court has explained, "`[It is] the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" (Alterations sic.)Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456, 462, quoting Myers v.Bethlehem Shipbuilding Corp. (1938), 303 U.S. 41, 50-51, 82 L.Ed. 638.
{¶ 10} The doctrine of exhaustion of administrative remedies is one of judicial abstention. Lamar Outdoor Advertising, supra, at ¶ 17. "The purpose of the doctrine of exhaustion of administrative remedies is to prevent premature interference with the administrative processes."Basic Distribution Corp. v. Ohio Dept. of Taxation (2002),94 Ohio St.3d 287, 290. Moreover, the doctrine allows the administrative body to function efficiently, correct its own errors, and apply its special expertise. Nemazee v. Mt. Sinai Med. Ctr. (1990), 56 Ohio St.3d 109,111, quoting Weinberger v. Salfi (1975), 422 U.S. 749, 765,45 L.Ed.2d 522.
{¶ 11} Chapter 1224 of the Avon Codified Ordinances sets forth the powers and duties of various administrative officers and agencies, including the Planning Commission and the Board, with respect to the administration of the Planning and Zoning Code. Avon Codified Ordinance 1224.01. Pursuant to Avon Codified Ordinance 1224.04, the Planning Commission has the power and duty to "[r]eview and act on development plans as required by [the] Planning and Zoning Code." The Planning Commission reviews development plans to determine whether the plan complies with certain criteria and, upon review, approves the plan as submitted, approves the plan subject to specified conditions, tables the plan for the next scheduled meeting and demonstrates to the applicant an acceptable alternative plan, or denies the plan. Avon Codified Ordinance 1228.10; Avon Codified Ordinance 1228.14.
{¶ 12} Avon Codified Ordinance 1224.05 sets forth the powers and duties of the Board, specifically authorizing the Board to "hear and decide appeals where it is alleged there is an error in any order, requirement, permit, decision, interpretation, determination or refusal made by the Zoning Enforcement Officer or any other administrative official carrying out or enforcing any provision of [the] Planning and Zoning Code, or in the interpretation of the Official Zoning District Map."
{¶ 13} Appellants argue that, because this section does not specifically authorize the Board to hear appeals from the Planning Commission, the Board does not have the authority to hear such an appeal. Appellants argue that, therefore, they were not required to appeal the decision of the Planning Commission to the Board. We disagree.
{¶ 14} The Avon City Charter, Article VII, Section 1, sets forth powers and duties of the Board. It provides, in pertinent part:
 {¶ 15} "The Board of Zoning and Building Appeals shall have the following duties and powers, to be exercised in conformity with the purpose and intent of the ordinances governing zoning and building in the Municipality of Avon and in accordance with such guidelines, standards and procedures as from time to time shall be promulgated by Council:
 {¶ 16} "To hear and decide appeals made from decisions and rulings of administrative officials and agencies, including the Building Inspector and Zoning Enforcement Officer[.]" (Emphasis added.)
{¶ 17} When the language of a municipal charter is clear and unambiguous, the language must be given its usual and ordinary meaning.Deluca v. Aurora (2001), 144 Ohio App.3d 501, 510. The charter provisions must be applied as written, and, where the intent of a city charter provision is clear, it may not be enlarged, restricted, or abridged by a reviewing court. Id. at 511.
{¶ 18} The Charter specifically provides that the Board has the power to hear appeals from decisions of administrative agencies, to be exercised in conformity with the purpose and intent of the zoning code. The Planning Commission is one such administrative agency. Thus, while the city ordinances do not specifically provide that the Board shall hear appeals from the Planning Commission, such action is clearly authorized by the city charter.
{¶ 19} A municipal charter acts as the constitution of the municipality. Calco v. Stow (Apr. 29, 1981) 9th Dist. No. 9990, at 4, citing State ex rel. Pell v. Westlake (1980), 64 Ohio St.2d 360, 361. Accordingly, when provisions of a city's charter and its ordinances conflict, the charter provision prevails. Reed v. Youngstown (1962),173 Ohio St. 265, paragraph two of the syllabus. See, also, Deluca v.Aurora (2001), 144 Ohio App.3d 501, 511. Thus, the charter provision authorizing the Board to hear appeals from administrative agencies prevails over the city ordinances, which only provide for appeals in limited circumstances.
{¶ 20} Accordingly, Appellants failed to exhaust their administrative remedies by failing to appeal the decision of the Planning Commission to the Board. Therefore, the trial court did not err when it dismissed Appellants' appeal on this basis. Appellants' second assignment of error is overruled.
 First Assignment of Error {¶ 21} "THE TRIAL COURT ERRED WHEN IT DISMISSED THE ADMINISTRATIVE APPEAL AND FAILED TO HOLD THAT THE CITY OF AVON PURSUANT TO ITS CITY CHARTER PROVISION ARTICLE 7, § 2(B) HAS MADE THE PLANNING COMMISSION THE FINAL ARBITER OF THE APPROVAL OF FINAL DEVELOPMENT PLANS OF PRIVATE DEVELOPERS, THUS MAKING IT A FINAL APPEALABLE ORDER. COD. ORD. [§§] 1224.01, 1224.04 (D) (2), 1228.10, 1228.14."
{¶ 22} In their first assignment of error, Appellants argue that the trial court erred when it found that the decision of the Planning Commission was not a final order. Our disposition of Appellants' second assignment of error renders their first assignment of error moot. We therefore decline to address it. See App.R. 12(a)(1)(c).
 III.
{¶ 23} Appellants' second assignment of error is overruled, and Appellants' first assignment of error is rendered moot. Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J., BATCHELDER, J. CONCUR.