The STATE ex rel. MYLOTT et al., Appellees,

v.

McKELVEY, Mayor, et al., Appellants.

[Cite as *State ex rel. Mylott v. McKelvey,* 151 Ohio App.3d 673, 2003-Ohio-328.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 01 CA 72.

Decided Jan. 14, 2003.

Barry Laine, Dennis Haines and Daniel Dascenzo, for appellees.

John A. McNally IV, Youngstown Law Director, for appellant.

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and arguments before this court. Appellants, Mayor George M. McKelvey and the Youngstown Civil Service Commission, appeal from the judgment of the Mahoning County Court of Common Pleas granting the writ of mandamus sought by appellees, Thomas Mylott, et al. The issue we must determine is whether for the purposes of abolishing a civil service position a vacancy exists when a position has been created by a city ordinance but has never been occupied. Because we conclude that appellees have failed to prove that a vacancy does in fact exist, the trial court erred by ordering the position filled and the judgment of the trial court is reversed.

{¶ 2} This is the second in a series of cases involving the captain position of the Youngstown Police Department. In January 1998, the trial court granted a writ of mandamus against the city in favor of various relators. In pertinent part, the court found that prior city ordinances created ten captain positions in the department. The trial court thus ordered that any vacancies occurring after August 20, 1997, shall be filled by an eligibility list created by an August 23, 1997 promotional examination. The order was stayed pending appeal to this court. On December 2, 1999, this court affirmed the trial court's judgment, concluding there existed ten captain positions. *Kane v. City Council of Youngstown* (Dec. 2, 1999), 7th Dist. Nos. 98CA43, 98CA59 and 98CA65, 1999 WL 1124755.

{¶ 3} Thereafter, on December 14, 1999, the eligibility list from the August 1997 promotional examination was signed and certified. The list was exhausted after the three examinees were promoted from the list on January 6, 2000. The complement of captains thus stood at eight. The next day, city council passed an ordinance that repealed all prior master salary ordinances and enacted an ordinance that stated that the number of captain positions would be reduced from ten (which was the number ruled to already exist by this court) to six by attrition. On May 22, 2000, city council passed another ordinance that immediately abolished two of the captain positions, which originally were to be eliminated by attrition.

{¶ 4} On May 17, 2000, Thomas Mylott, William Powell, David McKnight, and Mark Milsteade filed for a writ in mandamus against the Mayor of Youngstown and the Youngstown Civil Service Commission that, in essence, challenged the city's decision to immediately abolish the two remaining unfilled captain positions.

Appellees, who were the four officers eligible to sit for a promotional examination, argued that the two unfilled positions that existed as of January 6, 2000, were vacant and must be filled. They asked that the commission hold a promotional examination, certify an eligibility list, promote two officers to fill the remaining two captain positions, and award the promoted officers back-pay and seniority credit. The parties stipulated to various facts and submitted trial briefs. On April 3, 2001, the trial court granted the writ and awarded back-pay and seniority credit to January 6, 2000.

{¶ 5} Appellants assert two assignments of error in this case. Because our resolution of appellants' first assignment of error renders the second assignment moot, we need address only the one. Appellants claim:

{¶ 6} "The trial court erred in granting relators-appellees' complaint for a writ in mandamus as relators-appellees have no clear legal right to the relief requested and respondents-appellants have no clear legal duty to perform the requested act."

{¶ 7} "The trial court erred in holding that those two (2) officers promoted to captain shall be awarded back pay and seniority retroactive to January 6, 2000."

{¶ 8} Appellate review of a grant of mandamus where the underlying case provides a stipulated record and that record presents only a question of law is de novo. *Cincinnati Entertainment Assoc., Ltd. v. Hamilton Cty. Bd. of Commrs.* (2001), 141 Ohio App.3d 803, 753 N.E.2d 884. In the present case, the parties have stipulated to the underlying facts. The issue raised on appeal requires us to interpret the language of both R.C. 124.37 and 124.44. As the construction of a statute is a question of law, not fact, a trial court's interpretation of a statute is not entitled to deference on appeal. *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 466, 639 N.E.2d 425. Thus, we review the trial court's decision to grant the writ of mandamus de novo.

{¶ 9} Before a court can grant a writ of mandamus, the petitioner must establish (1) a clear legal right to the requested relief, (2), a clear legal duty on the part of respondents to provide this relief, and (3) the lack of an adequate remedy in the ordinary course of law to compel them to perform the requested acts. *State ex rel. Mill Creek Metro. Park Dist. Bd. of Commrs. v. Tablack* (1999), 86 Ohio St.3d 293, 714 N.E.2d 917. The Supreme Court of Ohio has stated that mandamus is an appropriate remedy in these wrongful-denial-of-promotion cases. *State ex rel. Hipp v. N. Canton* (1996), 75 Ohio St.3d 221, 222, 661 N.E.2d 1090. To establish the entitlement to a writ of mandamus in a claim for appointment, the relator must establish a clear legal right to promotion, a clear legal duty on the part of the respondents to promote, and the lack of a plain and adequate remedy in the ordinary course of law. Id.

676

{¶ 10} In the present case, appellees claim that appellants had a clear legal duty to create an eligibility list so that vacancies in the remaining captain positions could be filled before those positions were abolished.

{¶ 11} It is well-established law that a vacant position must be filled prior to abolishment of the position. R.C. 124.37. Pursuant to R.C. 124.44, a vacancy in a position above the rank of patrolman shall be filled by viewing the eligibility list and promoting the highest scorer on the promotional examination. When a vacancy occurs and there is no eligibility list from a past examination, the civil service commission shall, within sixty days of such vacancy, hold a promotional examination and establish an eligibility list from which the highest scorer shall be appointed within thirty days of the list's certification. This process of filling vacancies and abolishing positions is mandatory. However, the issue this court must now decide is what constitutes a "vacancy."

{¶ 12} Although the parties argue that *Zavisin v. Loveland* (1989), 44 Ohio St.3d 158, 541 N.E.2d 1055, is applicable to this case, we conclude that its holding is irrelevant, as it is factually distinguishable from the present case. In *Zavisin,* the open position was previously occupied, and the Supreme Court held that where a position had been established and occupied a vacancy occurred upon the incumbent's retirement, citing *McCarter v. Cincinnati* (1981), 3 Ohio App.3d 244, 3 OBR 276, 444 N.E.2d 1053. This court recently cited *McCarter* when we defined vacancy as occurring when a position that has been established and occupied becomes vacant by reason of the death, retirement, dismissal, promotion, or other permanent absence of the former incumbent. *State ex rel. Hrelec v. Campbell* (2001), 146 Ohio App.3d 112, 765 N.E.2d 402. All three of these cases deal with incumbents. The present case does not. Although the presence of an incumbent will generally lead a court to determine that a vacancy exists, the converse is not necessarily true.

{¶ 13} We find two Ohio Supreme Court cases to be particularly instructive on this issue. First, in *State ex rel. Finn v. Garfield Hts.* (1973), 34 Ohio St.2d 5, 63 O.O.2d 3, 295 N.E.2d 197, the city council adopted an ordinance that increased the number of fire captains from three to four. Relator, who was first on the eligibility list, sought to be appointed to the fourth position. The court was faced with the issue of whether a "vacancy" existed. The court determined that "[w]here a city council creates an additional position, without either appropriating money therefor or attempting to fill it, there is not necessarily a 'vacancy' in the position * * *." Id. at 8, 63 O.O.2d 3, 295 N.E.2d 197. They distinguished language in a prior case by stating that in the prior case, "there was a previous occupier of that position and there was no allegation of inadequate appropriation." Id. Thus, the court determined that the relator failed to show a clear right to the position sought. Id. at 9, 63 O.O.2d 3, 295 N.E.2d 197.

{¶ 14} The court later rejected an argument that there must be an express appropriation by the city council after an extra position is created stating that a lump-sum appropriation that is sufficient to fund the promotion in question is sufficient. *State ex rel. Pell v. Westlake* (1980), 64 Ohio St.2d 360, 363–364, 18 O.O.3d 514, 415 N.E.2d 289. We find it significant, however, that the court in Pell did not discharge the relator's duty to provide some evidence that there were sufficient funds to cover the newly created positions.

{¶ 15} Despite the conclusions in both *Pell* and *Finn*, appellants ask us to apply the logic of the *Zavisin* court. However, the holding in *Zavisin* that correctly states that a vacancy exists when there is an incumbent merely begs the question of what constitutes a vacancy, as it simply states the obvious. A position that has been previously filled and then for some reason becomes available will always be deemed a vacancy. This makes sense when applying the holdings of both *Finn* and *Pell*. The existence of an incumbent clearly demonstrates the attempt either to fill the position or to appropriate funds for the position since, presumably, the position had been filled by a person who was compensated for their work. Thus, the presence of an incumbent will inevitably satisfy the requirements of proving a vacancy as defined by the court in both *Finn* and *Pell*.

{¶ 16} The record before us consists of stipulations of fact entered into by the parties, which sets forth the procedural and factual history of the establishment of the captain position. However, there is absolutely no evidence of a lump-sum appropriation of funds sufficient to cover the payroll of the department, let alone the rank of captain. Accordingly, we find that appellees' failure to adduce any proof that appellants either attempted to fill the remaining positions or appropriate funds for these positions to be dispositive of this appeal. Implicit in the court's holding in *Finn* is the proposition that, where a city council creates an additional position, a vacancy in that position requires either the appropriation of money therefor or the attempt to fill it. Appellants have failed to prove either.

{¶ 17} Because appellees in this case failed to present any evidence regarding either appellants' attempt at filling the position or appropriating funds for the position, we find they did not establish that a vacancy existed for the purposes of R.C. 124.44. Therefore, it was not improper for appellants to abolish the positions before they were filled. Appellees have failed to establish either a clear legal right to the requested relief or a clear legal duty on the part of appellants to provide this relief. Accordingly, appellants' first assignment of error is meritorious, appellants' second assignment of error is moot, we find that the trial court erred by granting the requested writ, and we reverse the judgment of the trial court.

Judgment reversed.

CHRISTLEY and FORD, JJ., concur.

Judith A. Christley and Donald R. Ford, JJ., of the Eleventh Appellate District, sitting by assignment.