JUDGMENT: AFFIRMED
{¶ 1} Defendants, the City of Cleveland (the City) and the Cleveland Civil Service Commission (the Commission), appeal the court's granting summary judgment to plaintiff, the Cleveland Civil Service Employees Association (the employees), in the employees' action seeking a court order declaring two civil service rules unenforceable. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} Pursuant to Section 7, Article XVIII, of the Ohio Constitution, a municipality may exercise its power of local self-government via a city charter. The City of Cleveland Charter (the Charter), Section 127, authorizes the Commission to promulgate rules regarding "the appointment, promotion, transfer, lay-off, reinstatement, suspension and removal of City officials and employees * * *." In addition, Sections 128-131 of the Charter mandate that when a position within the City is to be filled, the Commission shall administer a test, and from this test generate an "eligible list" consisting of the three persons who scored the highest. The Commission shall certify the eligible list to the City, and the City shall "appoint to such position one of the three persons whose names are so certified." Furthermore, Section 130 of the Charter provides that while the competitive examination is being administered and the eligible list created, the City may temporarily appoint someone to the open position, without examination, for no more than 90 days.
 {¶ 3} In 1998, pursuant to the Charter Section 127, the Commission enacted two civil service rules that are pertinent to this appeal: a) Rule 5.10, which provides that a temporary appointee who has held a position for more than 90 days and has passed the appropriate exam "may be appointed to the position as a permanent employee * * * before the Commission prepares the eligible list * * *," and b) Rule 6.10, which provides that a person who the City has laid off from one position may be appointed to another position without taking the appropriate examination and with no regards to the eligible list.
 {¶ 4} On March 30, 2005, the employees filed an action against the City for declaratory judgment, claiming that Rules 5.10 and 6.10 conflict with the above mentioned sections of the Charter and requesting that the court order the rules unenforceable. Both parties filed motions for summary judgment, and on January 23, 2006, the court denied the City's motion and granted the employees' motion, declaring that "Cleveland Civil Service Rules 5.10 and 6.10 are in conflict with the Charter of the City of Cleveland, and are therefore void and unenforceable." It is from this order that the City appeals.
 II {¶ 5} In its first assignment of error, the City argues that "the trial court erred in denying appellants' motion for summary judgment on the issue of the amendments to City of Cleveland rules of the civil service violated [sic] the City charter, and ruling that the appellants' actions violated the charter."
 {¶ 6} We first note that it is a well determined law in Ohio that a denial of a motion for summary judgment is not a final appealable order.Celebrezze v. Netzley (1990), 51 Ohio St.3d 89; Nayman v. Kilbane
(1982), 1 Ohio St.3d 269; Balson v. Dodds (1980), 62 Ohio St.2d 287;State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23; Taylor v.County of Cuyahoga (Jan. 20, 2000), Cuyahoga App. No. 75473; R.C.2505.02. The City, in its notice of appeal, praecipe, and appellate brief, argues that the court erred in denying its motion for summary judgment. Technically, as worded, we have no jurisdiction to review this assignment of error. However, a careful review of the record reveals that the court order from which the City appeals is a final order because it also granted summary judgment to the employees. Therefore, we construe the City's assignment of error to mean that the court erred in granting summary judgment to the employees, which is, of course, a proper assignment of error. See Berkley Realty, Inc. v. Settles (Nov. 28, 1984), Hamilton App. No. C-830907 (holding that a denial of summary judgment "may become reviewable for error when a final appealable order is entered, * * * but it is not in and of itself a final appealable order").
 {¶ 7} Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.Dresher v. Burt (1996), 75 Ohio St.3d 280. Furthermore, the standard of review for a declaratory judgment action is also de novo. Harm v. Cityof Parma (Sept. 14, 1995), Cuyahoga App. No. 67915.
 {¶ 8} In the instant case, the court found that Rules 5.10 and 6.10 conflicted with the Charter section 131's mandate that one of the top three candidates on the eligible list be permanently appointed to an open position. The court then found that the Charter trumps the civil service rule should a conflict between the two arise. As support for this proposition, the court cited Northern Ohio Patrolmen's BenevolentAssoc. v. North Olmsted (1984), 16 Ohio App.3d 464, 466, where we held that "the city's commission cannot act in violation of the city charter." In Benevolent, the city's charter adopted a statutory regulation and the city commission enacted a rule that conflicted with the statute. We held that the city lacked authority to promulgate this conflicting rule, in essence concluding that the city's charter trumped. Id.
 {¶ 9} We find Benevolent to be on point with the instant case. Specifically, we find that Rules 5.10 and 6.10 conflict with the hiring procedures and requirements set forth in the Charter, and that the court did not err in declaring Rules 5.10 and 6.10 void and unenforceable. First, the rules allow a person to be appointed without following the Charter rule of taking the examination and being placed on the eligible list of the top three candidates. Second, the rules allow temporary appointees to stay in a position for more than 90 days, in contravention to the Charter section 130. Accordingly, the court did not err in granting summary judgment to the employees, and the City's first assignment of error is overruled.
 III {¶ 10} In its second and final assignment of error, the City argues that "the trial court erred in denying appellants [sic] motion for summary judgment by failing to apply the equitable doctrine of laches in appellee's challenge of Rule 5.10." As before, we treat this argument as if the City were assigning error to the court for granting summary judgment to the employees.
 {¶ 11} Laches is an affirmative defense based on a failure to assert a right for an unreasonable length of time. Connin v. Bailey (1984),15 Ohio St.3d 34. The elements of laches are: 1) delay in asserting a right; 2) absence of an excuse for the delay; 3) actual or constructive knowledge of an injury or wrong; and 4) prejudice to the other party.Kennedy v. Cleveland (1984), 16 Ohio App.3d 399, 403, citing Smith v.Smith (1959), 168 Ohio St. 447.
 {¶ 12} In the instant case, Rules 5.10 and 6.10 were enacted in 1998 and this lawsuit commenced in 2005; therefore, the City has established that the employees waited seven years to file their claim. The City summarily addresses the second element of the laches test by stating, "plaintiffs have no excuse for the delay in pressing the legality of the rule." The City does not address the third element of laches. As to the fourth element of prejudice, the City argues that it materially changed its position by continuing to test employees while the employees "sat silent on their rights." However, by continuing to follow the mandates of the Charter, the City is in no way prejudiced, as we are now affirming the trial court's order upholding the Charter mandates.
 {¶ 13} The Ohio Supreme Court has held that "[d]elay in asserting a right does not itself constitute laches * * *. The mere inconvenience of having to meet an existing obligation imposed not only by statute but by an order or judgment of a court of record at a time later than that specified in such statute or order cannot be called material prejudice."Smith, supra, at 457. See, also, Natsis v. Natsis, Cuyahoga App. No. 80793, 2002-Ohio-7058 (noting that to defend on a laches theory, a party "must present factual evidence that there was a delay which caused material prejudice"); CSEA ex rel. E.T. v. H.S., Cuyahoga App. No. 82820, 2004-Ohio-3120 (holding that "[p]arties are prevented from asserting laches against the government because its application would prevent the government from enforcing public rights on behalf of its citizens") (citing Ohio State Bd. of Pharmacy v. Frantz (1990),51 Ohio St.3d 143).
 {¶ 14} Given this, the court did not err by granting the employees' summary judgment motion despite the City's defense of laches, and the City's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., and JOSEPH J. NAHRA, J.*, CONCUR
* Sitting by Assignment: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.