THE STATE, EX REL. EAST CLEVELAND ASSOCIATION OF FIREFIGHTERS, LOCAL 500, I.A.F.F., ET AL., APPELLANTS, *v.* CITY OF EAST CLEVELAND ET AL., APPELLEES.

[Cite as State, ex rel. East Cleveland Assn. of Firefighters, *v.* East Cleveland (1988), 40 Ohio St. 3d 222.]

(No. 87-859—Submitted September 8, 1988—Decided December 30, 1988.)

*Joseph W. Diemert, Jr. & Associates Co., L.P.A., Joseph W. Diemert, Jr.* and *William F. Schmitz,* for appellants.

*James Alexander, Jr.,* director of law, for appellees.

*Per Curiam.* The question presented for our review is whether the Mayor of East Cleveland is required to

fill a vacancy in the rank of lieutenant in the East Cleveland Fire Department with a qualified employee whose name appears on the promotion-eligible list. Because the municipal ordinances governing civil service promotions leave the decision to permanently fill such a vacancy to the mayor's discretion, we answer this query in the negative and affirm the court of appeals.

For the extraordinary writ of mandamus to issue, this court "must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus.

Appellants first argue that the procedural requirements governing promotion within the city's fire department are provided in R.C. Chapter 124, and specifically, R.C. 124.46, which provides as follows:

"The names of the examinees shall be placed on the eligible list in accordance with their grades; the one receiving the highest grade shall be placed first on the list. In the event two or more examinees receive the same grade, seniority in the fire department service shall determine the order of their names. The person having the highest position on the list shall be appointed in the case of a vacancy. Eligible lists established as provided in this section shall continue for two years. In the event a vacancy occurs prior to the expiration of the two year period, the list shall continue for the purpose of

filling such vacancy until the vacancy has been filled.

"Where an eligible list exists and a vacancy occurs which may be filled from · such eligible list, the vacancy shall be filled within a period of not more than ten days from the date of such vacancy."

The appellees, however, argue that promotion procedures are governed by ordinances enacted pursuant to East Cleveland's Charter, specifically, East Cleveland Codified Ordinances Sections 123.09(g) and (h). Ordinance 123.09(g) provides as follows:

"Upon notice from the Mayor that he proposes to fill a position in the classified civil service by appointment effective on a date certain, the Civil Service Commission shall certify to the Mayor the three persons with the highest grades on the appropriate eligible list, provided such persons have attained or will attain their twenty-first birthday on or before the date of proposed appointment. Upon notice from the Mayor that he proposes to fill a position in the classified civil service by promotion, the Civil Service Commission shall certify to the Mayor the three persons with the highest grades on the appropriate promotion eligible list. The Mayor shall appoint any of the three persons so certified within thirty days from such certification. Nothing herein contained shall require the Mayor to fill any vacancy in the classified civil service."

Ordinance 123.09(h) provides:

"If there are fewer than three names upon an eligible list for appointment, these names shall be certified and the City Manager may appoint from this list or he may demand an eligible list of three names."[1]

---

[1] On or after May 7, 1985, the Charter of the city of East Cleveland was amended to provide for a mayor/council form of government, replacing the city manager/ commission form of government. See R.C. Chapter 705. However, most of the ordinances remain unchanged. But, see, Ordinance 123.09(g), passed August 17, 1982.

These municipal ordinances conflict by their express terms with the civil service statutes in three salient respects. First, Ordinance 123.09(g) permits the mayor to appoint any one of the three persons with the highest grades on the appropriate eligible list to the vacancy; R.C. 124.46 requires the mayor to appoint the person with the highest position on the list. Second, the ordinance allows the mayor thirty days from the certification by the civil service commission of the three names to make the appointment; the statute allows the mayor only ten days from the date of the vacancy to make the appointment. Third, the ordinance provides that the mayor is not required to fill any vacancy in the classified civil service; the statute requires the mayor to fill the vacancy.

This conflict must be resolved in favor of East Cleveland, whose express charter language enables the city to exercise local self-government powers in a manner contrary to state civil service statutes. Charter of the city of East Cleveland, Sections 28-31. Appellee city's ordinances constitute a proper exercise of such home rule authority, and thus supersede the provisions of R.C. Chapter 124. Sections 3 and 7, Article XVIII of the Ohio Constitution; *Ohio Assn. of Pub. Emp., Chapter No. 471* v. *Twinsburg* (1988), 36 Ohio St. 3d 180, 183, 522 N.E. 2d 532, 535; *State Personnel Bd. of Review* v. *Bay Village Civil Service Comm.* (1986), 28 Ohio St. 3d 214, 28 OBR 298, 503 N.E. 2d 518; *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191, 5 O.O. 2d 481, 151 N.E. 2d 722; *State, ex rel. Lentz,* v. *Edwards* (1914), 90 Ohio St. 305, 107 N.E. 768. East Cleveland's duty, if any, to fill the vacancy in the rank of lieutenant from the promotion-eligible list must be determined by application of the city's ordinances.

Ordinance 121.19(a) provides:

"Classified Service. The Fire Division shall be composed of a total of not more than fifty officers in the classified service. Of this number, *there shall be not more than* one Fire Chief, three Deputy Platoon Chiefs, four Captains, *six Lieutenants,* thirty-five regular firemen and one regular fireman assigned by the City Manager to the position of Superintendent of Fire Equipment." (Emphasis added.)

Appellees argue that no vacancy exists by the resignation of one lieutenant, as the phrase "not more than * * * six Lieutenants" establishes a maximum number, and does not mandate the maintenance of six lieutenants in the fire department. Appellants argue that the phrase "not more than" modifies only "fifty officers" and "one Fire Chief," citing *State, ex rel. Pell,* v. *Westlake* (1980), 64 Ohio St. 2d 360, 18 O.O. 3d 514, 415 N.E. 2d 289, and note that the fire department has always maintained six lieutenants. The ordinance involved in *Pell,* however, was completely different in its form than Ordinance 121.19(a) above, and we find appellees' construction of the East Cleveland ordinance to be the most sound. Appellees' construction is also consistent with the last sentence of Ordinance 123.09(g),[2] which grants the

---

[2] East Cleveland Ordinance 121.02 grants the city manager broad discretion in filling or combining vacant civil service positions, including firemen, and is consistent with the specific provision in Ordinance 123.09(g). Ordinance 121.02 provides:

"Nothing contained in this chapter shall be construed as requiring the City Manager to fill any position herein provided. *The City Manager shall have full authority to leave positions vacant* or to combine the duties of two positions under a single employee whenever he deems it in the best interest of the City." (Emphasis added.)

mayor discretion over whether to fill any vacancy in the fire department. Thus, even if a vacancy here exists, the city is under no clear legal duty to fill such vacancy in the lieutenant's position as requested by appellants.

Nor do the appellants have a clear right to the relief prayed for, *i.e.*, compelling the city to make an appointment (promotion) to the lieutenant's position from the current eligibility list. Appellants argue that the city waived its right to maintain fewer than six lieutenants by making the temporary appointment of an acting lieutenant. This temporary appointment, however, was made pursuant to Ordinance 123.06(b), and was made sometime after July 30, 1986. A temporary appointment does not constitute the prerequisite notice from the mayor that he intends to fill the vacancy by promotion, as required by Ordinance 123.09(g). Without such notice from the mayor, the promotion-eligible list provisions of Ordinance 123.09 are not operable. Thus, neither appellant had a clear right to permanent appointment to the rank of lieutenant.

As a matter of law, appellants are not entitled to the issuance of the writ of mandamus. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., LOCHER, HOLMES and WRIGHT, JJ., concur.

H. BROWN, J., concurs in judgment only.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. The "temporary" appointment to this alleged new vacancy in the position of lieutenant of the city of East Cleveland's fire department has, at the time the briefs were submitted in this case, now lasted nearly one year. Certainly this is not what is contemplated by Section 123.06(b) of the Codified Ordinances of the city of East Cleveland which specifically states: "* * * but in no case shall such temporary appointment continue longer than 180 days in the calendar year." I would hold that where a vacancy occurs in a civil service position by reason of resignation (the case here) and a valid eligibility list exists to fill that position, qualified employees on a certified list are entitled to a writ of mandamus to compel the appointment from the current list.

In *State, ex rel. Bardo,* v. *Lyndhurst* (1988), 37 Ohio St. 3d 106, 524 N.E. 2d 447, we held that a rule adopted by a municipal civil service commission cannot nullify a state civil service statute because the express language in the municipality's charter did not specifically authorize the commission to adopt rules to supersede conflicting statutory civil service provisions. I find the within cause to be indistinguishable and apply the language in *Bardo* that: "* * * we hold that express charter language is required to enable a municipality to exercise local self-government powers in a manner contrary to state civil service statutes." *Id.* at 110, 524 N.E. 2d at 451.

Because the majority opinion does not follow these precepts, I must respectfully dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.