JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas and the briefs of the parties.
 {¶ 2} In April 1987, appellant was convicted of murder with a firearm specification and having a weapon while under disability. His conviction and sentence was upheld on direct appeal to this court. SeeState v. Richard (Oct. 20, 1988), Cuyahoga App. No. 54228, 1988 Ohio App. Lexis 4242. Repeated challenges to these convictions have been unsuccessful. See, generally, State v. Richard, Cuyahoga App. No. 80428,2002-Ohio-5959, at ¶ 3; see, also, State v. Richard, Cuyahoga App. No. 81283, 2002-Ohio-6223; State v. Richard (May 18, 2000), Cuyahoga App. No. 77319, 2000 Ohio App. Lexis 2103.
 {¶ 3} In July 2002, appellant filed a motion seeking the appointment of counsel and the appointment of a private investigator, at the state's expense, for the purpose of investigating juror and prosecutorial misconduct that he alleges took place during his 1987 trial. He claimed entitlement to these appointments under R.C. 120.16. The court denied the motion.
 {¶ 4} Appellant is now before this court and assigns two errors for our review.
 I {¶ 5} Appellant contends in his first assignment of error that the trial court erred in denying his motion for the appointment of counsel. Succinctly, he argues that R.C. 120.16(A) entitles him to legal representation.
 {¶ 6} R.C. 120.16 governs the powers of representation by county public defenders. Subsection (A)(1) provides, in relevant part, that the "county public defender shall provide legal representation to indigent adults and juveniles * * * in postconviction proceedings as defined in this section." Subsection (D), however, provides that "the county public defender shall not be required to prosecute any * * * postconviction remedy * * * unless the county public defender is first satisfied there is arguable merit to the proceeding." Thus, although subsection (A)(1) confers a mandatory duty upon the county public defender to provide legal representation, subsection (D) grants that public defender discretion to determine whether the relief sought arguably has merit before accepting that duty. If, in exercising that discretion, the public defender finds no basis for the relief sought, then there is no corresponding duty to provide legal representation. See State v. Crowder (1991),60 Ohio St.3d 151, at paragraph one of the syllabus; see, also, Hamblinv. Anderson (N.D.Ohio 1996), 947 F. Supp. 1179, 1181-1182.
 {¶ 7} Appellant characterizes the relief sought as one for postconviction relief. The record, however, is devoid of any pending petition seeking such relief. On the contrary, appellant's motion for the appointment of counsel stands alone and is unassociated with any postconviction proceeding or any other proceeding for that matter. Because the duty imposed by R.C. 120.16(A)(1) is invoked only under limited circumstances and those circumstances are not present in this case, appellant cannot claim entitlement to the appointment of counsel under this statute at this time. Consequently, the trial court did not err in denying his motion for the appointment of counsel.
 {¶ 8} Appellant's first assignment of error is not well taken and is overruled.
 II {¶ 9} Appellant contends in his second assignment of error that he has been denied his constitutional right to fair, impartial and unbiased judges throughout the tortuous history of this case. It appears from his argument that appellant perceives all the various judges, including the trial judge in the present appeal, to have conspired together to cause multiple injustices against him and that these judges are, therefore, cohorts in organized criminal activity.
 {¶ 10} To the extent that appellant's argument addresses the ruling that is the subject of this appeal, we see nothing in the record to support appellant's bald accusations that the trial judge's denial of his motion was "to protect his colleagues, friends and others connected with the Cuyahoga County Judicial System" or that the trial judge was "intimidated by his colleagues who are in control over the frauds of this case and other cases." As pertains to appellant's references to other rulings made by the various judges involved in this case since its inception, those issues are not before this court at this time.
 {¶ 11} Appellant's second assignment of error is not well taken and is overruled.
 {¶ 12} We caution appellant that, although our judicial system affords great leeway to pro se litigants in presenting their arguments to the court, these same pro se litigants are to conduct themselves with the same sense of decorum and common courtesy expected of licensed attorneys. See Lopez v. United States (D.N.M. 2000), 133 F. Supp.2d 1231;Pingue v. Hyslop, 10th Dist. No. 01AP-1000, 2002-Ohio-2879, at ¶ 46. Appellant's repeated and unsubstantiated references to illegal conduct on the part of the judges of this court, and those elsewhere, are not commensurate with the conduct our judicial system expects of the litigants before it.
Judgment affirmed.
Patricia A. Blackmon, P.J., and Diane Karpinski, J., Concur