JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Donald Richard ("Richard"), appeals the denial of his motion requesting that the trial judge investigate and report alleged misconduct. Finding no merit to the appeal, we affirm.
 {¶ 2} The instant appeal is Richard's most recent challenge in a case spanning seventeen years. In April 1987, he was convicted of murder with a firearm specification and having a weapon while under disability, and this court affirmed his conviction and sentence on appeal. See State v.Richard (Oct. 20, 1988), Cuyahoga App. No. 54288. Richard has unsuccessfully campaigned to overcome these convictions by filing, inter alia, numerous motions for new trial and petitions for postconviction relief. See, generally, State v. Richard, Cuyahoga App. No. 80428, 2002-Ohio-5959, at ¶ 3; see, also, State v. Richard, Cuyahoga App. No. 81283, 2002-Ohio-6223; State v. Richard (May 18, 2000), Cuyahoga App. No. 77319.
 {¶ 3} In November 2004, Richard requested that the trial court report alleged violations of the Code of Professional Responsibility and Code of Judicial Conduct involving numerous attorneys and judges associated with his case. He further requested the trial judge to recuse himself because the judge had not reported the misconduct.[1] The trial court denied the motion and Richard appeals, raising one assignment of error.
 {¶ 4} Richard argues that the trial court erred in denying his motion because the record overwhelmingly demonstrates misconduct of countless judges, prosecutors, jurors, court reporters, and other persons connected with his case, in a conspiracy to wrongfully imprison him for a crime that he did not commit.[2] He claims that, pursuant to R.C. 3.23 and Canon 3(D) of the Code of Judicial Conduct, the trial judge had a duty to investigate and report this misconduct. This argument has no merit.
 {¶ 5} R.C. 3.23 governs the oath of office for a judge, required under Section 7, Article XV of the Ohio Constitution and provides that a judge shall "faithfully and impartially * * * discharge and perform all the duties incumbent on him as such judge * * *." Canon 3(D) of the Ohio Code of Judicial Conduct relates to a judge's disciplinary duties, and provides:
"(1) A judge who has knowledge that another judge has committed a violation of this Code shall report the violation to a tribunal or other authority empowered to investigate or act upon the violation.
(2) A judge who has knowledge that a lawyer has committed a violation of the Code of Professional Responsibility shall report the violation to a tribunal or other authority empowered to investigate or act upon the violation.
(3) A judge having knowledge of a violation by another judge or a lawyer shall, upon request, fully reveal the violation to a tribunal or other authority empowered to investigate or act upon the violation.
 {¶ 6} First, Richard's motion contains nothing more than bald accusations, many of which this court rejected in earlier appeals. SeeState v. Richard, Cuyahoga App. No. 82247, 2003-Ohio-5921. Thus, the trial court properly denied his motion because it had absolutely no merit.
 {¶ 7} Further, the Ohio Supreme Court alone has exclusive jurisdiction over the discipline of attorneys, and, therefore, any Code violation apart from a separate cause of action must be reviewed according to Rule V of the Supreme Court Rules for Government of the Bar of Ohio. Brown v.Akron Metro. Housing Auth., Summit App. No. 21527, 2004-Ohio-113, citingSmith v. Kates (1976), 46 Ohio St.2d 263, 265-266; Mentor Lagoons, Inc.v. Rubin (1987), 31 Ohio St.3d 256, 259-260; Euclid Med. Sys., Inc. v.Johnston (Nov. 4, 1987), Wayne App. No. 2254; Baker v. Cuyahoga Cty. BarAssn. (Sept. 17, 1986), Summit No. 12594; In re a Juvenile (1978),61 Ohio App.2d 235, 239, 401 N.E.2d 937. As this court has repeatedly recognized, "[i]t is not authority for individual judges, in courts other than the Supreme Court, to enforce ethical standards." Crile v. Crile
(June 28, 1990), Cuyahoga App. No. 57161, quoting In re a Juvenile,
supra. In the instant case, because the trial court had no authority over the alleged disciplinary violations, it properly dismissed the motion.
 {¶ 8} Similarly, neither this court nor the trial court has jurisdiction over the enforcement of the Code of Judicial Conduct. Allegations of judicial misconduct are matters reserved for the discretion of the Disciplinary Counsel. Parker v. Elsass, Franklin App. Nos. 01AP-1306, 02AP-15, and 02AP-144, 2002-Ohio-3340; Szerlip v.Szerlip, Knox App. No. 01CA09, 2002-Ohio-2541. Thus, Richard's claims that the trial court and other judges violated the Code of Judicial Conduct were not raised in the proper arena, thereby warranting the denial of his motion.
 {¶ 9} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J. Concurs; Dyke, P.J. concurs in judgment only
[1] Because Richard urges this court to remand this case to the same trial judge, he apparently does not appeal the trial court's denial of his request for recusal. Accordingly, we need not address this issue.
[2] Richard contends that Judge Sean Gallagher prosecuted him in Case No. CR3-69038. However, the court records show the prosecutor was Jay Gallagher.