JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Richard Davet ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we find the lower court's actions to be proper and therefore affirm the lower court.
 I. {¶ 2} According to the case, on October 6, 2004, plaintiff-appellee Daniel L. Kalk ("appellee") filed a civil claim in Bedford Municipal Court for legal fees totaling $11,348.02. On November 24, 2004, appellant filed a special appearance made solely to raise jurisdictional issues. Appellant argued that the lower court lacked jurisdiction. On December 1, 2004, appellee filed a brief in opposition to the special appearance brief. Appellee restated his allegations from the complaint.
 {¶ 3} On December 1, 2004, the Bedford Municipal Court entered a journal entry of judgment, stating that the appellant was to answer the complaint. On December 7, 2004, the court entered a second journal entry of judgment, which stated that the appellant was to answer on or before December 30, 2004 or the court would entertain appellee's motion for summary judgment.
 {¶ 4} Appellee's motion for summary judgment was filed on December 10, 2004. Eventually, on December 27, 2004, the lower court entered a journal entry of judgment stating the following:
"The court finds defendant has failed to answer plaintiff's complaint.Whereas, this court treats plaintiff's motion for default as motion forsummary judgment and motion is hereby granted. Therefore, judgment ishereby rendered in favor of plaintiff and against defendant in the sum of$11,348.02 with interest at 4% per annum from date of judgment, plus thecosts of this action."[1]
 {¶ 5} On January 24, 2005, appellant filed a special appearance motion for relief from judgment Civ.R. 60(B). Additionally, appellant filed a notice of appeal on January 24, 2005.
 {¶ 6} According to the facts, appellee did legal work for appellant, which appellant failed to pay for. All services were rendered through appellee's law office in Solon and were rendered on account with appellant only making sporadic payments. Eventually, before the account was paid in full, appellant ceased making payments.
 {¶ 7} Appellee then demanded full payment of the outstanding balance of $11,348.02; however, appellant refused payment. Appellee charged appellant at the rate of $150 per hour, which is within the reasonable and customary range for the locality.
 II. {¶ 8} Appellant's first assignment of error states the following: "The lower court lacked any basis to determine subject matter or any other type of jurisdiction because the originating complaint filed in said case failed to specify when in time any thing or event giving rise to the cause of action took place, therefore said complaint failed to provide even `prima facie' evidence of any type of jurisdiction, consequently the lower court erred by finding the lower court was vested with jurisdiction o[f] any type in relation to said case."
 {¶ 9} Appellant's second assignment of error states the following: "The lower court erred by creating a nullity as its journal entry regarding the jurisdiction of the lower court."
 {¶ 10} Appellant's third assignment of error states the following: "The lower court erred because it lacked jurisdiction to make the jurisdictional determination it found within said `Journal Entry of Judgement' at the time it made that determination because the plaintiff had failed to request leave of the court to amend his original complaint, and had failed to meet his burden of proof of jurisdiction."
 III. {¶ 11} Appellant's argument is without merit. Appellant assigned no error regarding the December 27, 2004 journal entry. Instead, appellant's argument was based on jurisdictional issues in an earlier entry.
 {¶ 12} The December 27 entry dealt with default and summary judgment. However, appellant's appeal was based on jurisdictional arguments from a December 7, 2004 entry. Appellant assigned no error related to appellee's motion for default judgment being treated as a motion for summary judgment. Appellant assigned no error regarding the court granting judgment in favor of appellee against appellant in the sum of $11,348.02. Appellant's argument is limited to the issue of whether the Bedford Municipal Court had jurisdiction to entertain appellee's complaint. Appellant, therefore, waived his right to contest the judgment rendered against him based upon any procedural or substantive errors.
 {¶ 13} Assuming arguendo the above did not apply, appellant's argument still fails on the merits. The Bedford Municipal Court had territorial jurisdiction, subject matter jurisdiction, monetary jurisdiction, personal jurisdiction, and proper venue.
 {¶ 14} R.C. 1901.02 states the following:
"Territorial jurisdiction; definitions * * *
 "(B) In addition to the jurisdiction set forth in division (A) of thissection, the municipal courts established by section 1901.01 of theRevised Code have jurisdiction as follows: * * *
"The Bedford Municipal Court has jurisdiction within the municipalcorporations of Bedford Heights, Oakwood, Glenwillow, Solon,Bentleyville, Chagrin Falls, Moreland Hills, Orange, WarrensvilleHeights, North Randall, and Woodmere, and within Warrensville and ChagrinFalls townships, in Cuyahoga County."
(Emphasis added.)
 {¶ 15} Section 1901.18 of the Ohio Revised Code provides:
"Jurisdiction of subject matter
 "(A) Except as otherwise provided in this division or section 1901.181of the Revised Code, subject to the monetary jurisdiction of municipalcourts as set forth in section 1901.17 of the Revised Code, a municipalcourt has original jurisdiction within its territory in all of thefollowing actions or proceedings and to perform all of the followingfunctions:
 "(1) In any civil action, of whatever nature or remedy, of which judgesof county courts have jurisdiction;
 "(2) In any action or proceeding at law for the recovery of money orpersonal property of which the court of common pleas has jurisdiction."
(Emphasis added.)
 {¶ 16} R.C. 1901.17 provides, in pertinent part, as follows:
"Monetary jurisdiction
 "A municipal court shall have original jurisdiction only in those casesin which the amount claimed by any party * * * does not exceed fifteenthousand dollars * * *."
 {¶ 17} Civ.R. 3 provides, in pertinent part, as follows:
"(B) Venue: where proper
 "Any action may be venued, commenced and decided in any court in anycounty. When applied to county and municipal courts, `county' as used inthis rule, shall be construed, where appropriate, as the territoriallimits of those courts. Proper venue lies in any one or more of thefollowing counties: * * *
 "(3) A county in which the defendant conducted activity that gave riseto the claim for relief. * * *
 "(6) the county in which all or part of the claim for relief arose * **."
 {¶ 18} Appellant's complaint involves a cause of action arising in Solon, Ohio. The Bedford Municipal Court had territorial jurisdiction within the municipal corporation of Solon, Ohio, pursuant to R.C. 1901.02. The Bedford Municipal Court had subject matter jurisdiction pursuant to R.C. 1901.18 and monetary jurisdiction pursuant to R.C. 1901.17. The Bedford Municipal Court was the proper venue pursuant to Civ.R. 3. Moreover, the Bedford Municipal Court had personal jurisdiction pursuant to Maryhew v. Yova (1984), 11 Ohio St.3d 154.
 {¶ 19} In order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative, which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure. Maryhew v. Yova, supra.
 {¶ 20} Based on the evidence in the record, we find the lower court's actions to be proper. Accordingly, appellant's three assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., concur.
[1] Journal Book/Page 197-274.