JOURNAL ENTRY AND OPINION
{¶ 1} In these consolidated appeals, defendant Husam Alsamman ("the husband") appeals from the order of the trial court that denied his motion to void the parties' judgment of divorce (Case No. 86380) and which denied his motion to "correct" the record to indicate that plaintiff Hanadi Rahawangi ("the wife") dismissed a prior action "with prejudice." (Case No. 87107.) For the reasons set forth below, we affirm both matters.
 {¶ 2} The salient facts are set forth in Rahawangi v.Alsamman, Cuyahoga App. No. 83643, 2004 Ohio 4083. Within that case, this Court noted:
 {¶ 3} "Husband and Wife were married on May 15, 1991 in Damascus, Syria; both are Syrian citizens. Two weeks after they were married, Husband and Wife moved to Cleveland, Ohio in order for Husband to complete his medical training and receive his board certification in anesthesiology. Husband and wife traveled to the United States on J-1 and J-2 visas respectively. Wife claims she has not been back to Syria since her wedding and has no intention of returning.
 {¶ 4} "While living in Cleveland, Ohio, Husband and Wife had their first child, Lynne Samman, born March 17, 1994. Shortly thereafter, Husband received a fellowship at U.C.L.A., and they moved to Los Angeles, California. While in California, Husband and wife had their second child, Tarek Samman, born September 18, 1995. Both children are United States citizens. * * *
 {¶ 5} "In October 1997, the family returned to Riyadh, Saudi Arabia, where Husband found employment at King Faisal's Specialist Hospital. In early February 1999, Husband and Wife fought. Husband ordered Wife to take the children and leave his home in Saudi Arabia and return to Syria. Wife refused to do so because she believed that Husband had damaged her honor by making false statements about her to people living in Syria. Wife instead took her children and went to her sister's home in Kuwait.
 {¶ 6} "On February 19, 1999, Husband filed for divorce in the Spiritual Court of Syria. Wife had no notice of those divorce proceedings and did not participate. Husband did not personally attend the proceedings, but was represented by a family member. In March 1999, while staying with her sister in Kuwait, Wife obtained a B-2 tourist visa and returned to the United States with her children. The Syrian divorce became official on April 24, 1999.
 {¶ 7} "During this time, Husband kept in contact with Wife and knew she had gone to the United States; however, Husband provided no financial assistance to Wife or his children. Wife testified that Husband did not tell her about the Syrian divorce or about the fact that he had remarried.
 {¶ 8} "* * *
 {¶ 9} "On October 27, 1999, Wife filed for legal separation from Husband in the domestic relations trial court [Case Number D-270364]. The case was assigned to the docket of the Honorable Kathleen O'Malley. On April 12, 2000, the trial court dismissed the case without prejudice. No appeal was taken.
 {¶ 10} "In March 2000, Husband filed a writ of habeas corpus in the Cuyahoga County Court of Common Pleas, Juvenile Division, to have the children returned to him. The action was dismissed by the trial court on the basis that Syria was not a signatory nation of the Hague Convention; therefore, the court lacked jurisdiction to hear the matter.
 {¶ 11} "On April 17, 2000, Wife filed a complaint for divorce in the domestic relations trial court (Case Number D-273402). The case was assigned to the docket of the Honorable Anthony Russo. On May 26, 2000, Husband moved the trial court to dismiss the complaint based on the divorce decree obtained in Syria and also due to the fact that this case had been heard and dismissed previously by Judge Kathleen O'Malley; Husband's motion was denied by the trial court."
 {¶ 12} Id.
 {¶ 13} The parties were subsequently granted a divorce in Case Number D-273402 following a trial before Judge Anthony Russo. The husband appealed to this court and the judgment was affirmed. Thereafter, the husband filed a motion to vacate the judgment entry of divorce in which he asserted that the matter should have been returned to Judge O'Malley for trial. On March 3, 2005, the trial court denied this motion and the husband did not appeal. Thereafter, on April 20, 2005, he filed a motion to void the judgment in Case Number D-273402, in which he challenged, inter alia, the transfer to Judge Russo. The trial court denied this motion and the husband now appeals in Case No. 86380.
 {¶ 14} In addition, in May 2005, the husband filed motions to "Correct the Record" in Case Number D-270364 to indicate that the dismissal of this matter was "with prejudice." The trial court denied that motion and the husband now appeals in Case No. 87107.
 Case No. 86380 {¶ 15} In this appeal, the husband asserts that the trial court erred in denying his motion for relief from judgment because, he claims, the failure to return the matter to the docket of Judge O'Malley for trial deprived the court of subject matter jurisdiction and personal jurisdiction. He further asserts that Judge Russo erred in refusing to recuse himself from the proceedings pursuant to Judicial Cannon of Ethics 3(E)(1)(d)(v), due to his knowledge of how the matter came to be assigned to his docket.
 1. Improper Transfer {¶ 16} As noted previously, the husband did not appeal from the trial court's March 3, 2005 denial of this motion. Accordingly, we are without jurisdiction to consider this claim. See App.R. 4(A); Moldovan v. Cuyahoga Cty. Welfare Dept.
(1986), 25 Ohio St.3d 293, 496 N.E.2d 466.
 {¶ 17} In any event, a claim of improper transfer may be voidable on timely objection by any party. Berger v. Berger
(1981), 3 Ohio App.3d 125, 130, 443 N.E.2d 1375. If the party first learns about the transfer after action is taken by the new judge, the party waives any objection to the transfer by failing to raise that issue within a reasonable time thereafter. Id. Timeliness is not met where a party learns of the transfer prior to trial but does not challenge the transfer until after the appeal is concluded. See State v. Taogaga, No. 83505,2004-Ohio-5594. Further, the trial court determined that it was proper for Judge Russo to hear this matter as the relevant version of Local R. 2(A)(2) of the Court of Common Pleas, Division of Domestic Relations, did not require reassignment to a judge before whom the matter had previously been pending.
 {¶ 18} This portion of the first assignment of assignment of error is without merit.
 2. Lack of Personal Jurisdiction {¶ 19} Since the husband did not file a timely appeal from the trial court's March 3, 2005 denial of this motion, we are without jurisdiction to consider this claim. See App.R. 4(A).
 {¶ 20} Nonetheless, the record indicates that defendant filed an answer to the complaint, filed numerous motions and, as he averred in a March 2002 affidavit, "attended every hearing, fully cooperated and complied with every order of this Court." Accordingly, the husband clearly submitted to the jurisdiction of the court and therefore waived any defect in personal jurisdiction. See Kalk v. Davet, Cuyahoga App. No. 85934,2005-Ohio-5854; citing Maryhew v. Yova (1984),11 Ohio St.3d 154, 464 N.E.2d 538.
 {¶ 21} This portion of the first assignment of error is without merit and the first assignment of error is overruled.
 3. Recusal of Judge Russo {¶ 22} The husband asserts that Judge Russo should have recused himself "when he realized or should have realized that there would be a question concerning whether he or someone else altered the order returning the case to Judge O'Malley."
 {¶ 23} Cannon 3(E)(1) of the Code of Judicial Conduct provides:
 {¶ 24} "(E) Disqualification.
 {¶ 25} "(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
 {¶ 26} "(d) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
 {¶ 27} "(v) Is to the judge's knowledge likely to be a material witness in the proceeding."
 {¶ 28} This court has no jurisdiction over the enforcement of the Ohio Code of Judicial Conduct; allegations of judicial misconduct were matters reserved for the discretion of the Ohio Disciplinary Counsel. State v. Richard, Cuyahoga App. No. 85407, 2005-Ohio-3723.
 {¶ 29} In any event, disqualification is not required where the judge allegedly has knowledge of a peripheral issue which is not material to any substantive issue of the case. State v.Freeman (1985), 20 Ohio St.3d 55, 485 N.E.2d 1043.
 {¶ 30} In this matter, the challenge to the transfer was not made until January 20, 2005, or well after the final entry of divorce and the completion of the appeal. As such, this claim cannot be used to challenge the correctness of the trial court's decision on the merits.
 {¶ 31} The second assignment of error is without merit.
 {¶ 32} Case No. 86380 is affirmed.
 Case No. 87107 {¶ 33} Within this appeal, the husband asserts that the trial court erred in denying his motion to "Correct the Record" in Case Number D-270364 to indicate that the dismissal of this case was "with prejudice." As this court has previously noted inRahawangi v. Alsamman, supra:
 {¶ 34} "A review of the record indicates that the dismissal of the appellee's claim for legal separation was without prejudice and not on the merits. The journal entry of Judge O'Malley does not specifically state for what reasons the complaint for legal separation was dismissed. The appellant claims the trial court dismissed the complaint because it lacked subject matter jurisdiction, while the appellee claims the complaint was voluntarily dismissed because she could not perfect service of process on the appellant. Regardless of the trial court's reason for dismissing the complaint for legal separation, the dismissal was not on the merits. Furthermore, a complaint for legal separation and a complaint for divorce are two separate legal actions that would not be barred by the doctrine of res judicata." Id.
 {¶ 35} In accordance with the law of the case, this determination "remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984),11 Ohio St.3d 1, 3, 462 N.E.2d 410. Accordingly, this claim is without merit.
 {¶ 36} This assignment of error is without merit.
 {¶ 37} Case No. 87107 is affirmed.
 {¶ 38} The wife's motions to dismiss the appeal (Motion No. 371730 filed in Case No. 86380; Motion No. 382206 filed in Case No. 87107) are denied as moot.
 {¶ 39} The wife's motions for sanctions (Motion No. 371997 filed in Case No. 86380; Motion No. 382665 filed in Case No. 87107) are denied.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, J., and Anthony O. Calabrese, Jr., J.,concur.