JOURNAL ENTRY AND OPINION
{¶ 1} Defendant the City of East Cleveland appeals from the order of the trial court that granted summary judgment to plaintiffs Ronald Jonovich, et al. in plaintiffs' action to restrain defendants from appointing a nonclassified employee as Fire Chief. For the reasons set forth below, we affirm.
 {¶ 2} In 2003, the East Cleveland City Council passed Ordinance No. 155-03 which, according to defendants:
 {¶ 3} "Elevated the Division of Fire to the Department of Fire, thus taking the Chief of that `Department' out of the classified service and making it possible for the Mayor to choose the Director (Chief) of Fire either from within the ranks by competitive exams, or from outside the ranks by appointment." Thus, the "director of [the Department of Fire] is in the `unclassified service' as per Section 29 of the Charter of the City of East Cleveland."
 {¶ 4} It is undisputed that East Cleveland is vested with home rule authority and can enact ordinances which supercede state statutes in matters of local self-government. However, the city has enacted within its Codified Ordinances Chapter 123, which provides for promotional examinations and sets forth the qualifications necessary to take such examinations. An initial eligibility requirement is set forth in Section123.08 as applicants must have at least one year of service in the rank immediately below the rank which they seek. In addition, Section 121.06
states that the "Fire Division shall be composed of not more than 53 officers in the classified service." Section 123.02 states that "The classified service shall consist of the regular members of the Police and Fire Divisions only." See, also, Section 29 of the Charter of the City of East Cleveland.
 {¶ 5} Prior to the expiration of her term of office, former East Cleveland Mayor Saratha Goggins appointed plaintiff Jonovich to the position of Acting Fire Chief upon the retirement of Bobby Jenkins.
 {¶ 6} On or about December 26, 2006, Goggins' successor in office, Mayor Eric Brewer, appointed Kenneth Adams to the position of Chief of the Department of Fire. Adams did not work within the classified service and did not take a competitive examination.
 {¶ 7} On December 30, 2005, plaintiffs Ronald Jonovich, Douglas Zook, Paul Lowry, Dale Hoynacke, and Curtis Jackson, all firefighters and members of the East Cleveland Fire Department and the classified civil service of the city of East Cleveland, filed a complaint for injunctive relief, declaratory relief and damages against the city and Mayor Eric Brewer. Plaintiffs asserted that the appointment of Adams was contrary to the City's Charter and Codified Ordinances which indicate that the position of fire chief is within the classified service and must be appointed pursuant to the charter, ordinances, civil service rules and labor agreement.
 {¶ 8} The City moved for summary judgment, insisting that it has home rule authority to take the fire chief out of the classified service as a matter of local self-government. The City further insists that it is permitted to leave the position of chief of the classified service vacant, while so appointing for this newly created unclassified position.
 {¶ 9} The trial court rejected the city's position and determined that the Mayor has no authority to appoint a fire chief contrary to the requirements of the City's Charter and codified ordinances. In particular, the court noted that pursuant to East Cleveland Codified Ordinance Sections 121.06, 123.02, 123.03, and 123.04, and Section 29 of the Charter of the City of East Cleveland, as well as case law[1]
interpreting these provisions, the position of Fire Chief is in the classified service and all appointments and promotions to this position are governed by the City's Charter, ordinances, civil service rules and the labor agreements. The trial court therefore enjoined the City and Mayor from appointing a Fire Chief in a manner contrary to these provisions and ordered them to appoint in a manner consistent with such provisions.
 {¶ 10} The City now appeals and assigns three errors for our review.
 {¶ 11} The City's first assignment of error states:
 {¶ 12} "The trial court erred in ordering the Defendant City of East Cleveland to immediately appoint a fire chief or an acting fire chief."
 {¶ 13} In State ex rel. East Cleveland Firefighters Local 500 v. EastCleveland (1988), 40 Ohio St.3d 222, 533 N.E.2d 282, the Supreme Court held, "East Cleveland's duty, if any, to fill the vacancy in the rank of lieutenant from the promotion desk eligible list must be determined by application of the city ordinances." In relevant part, East Cleveland Codified Ordinances Section 123.09(g) states that when the Mayor provides notice that he intends to fill a position by promotion, the Civil Service Commission shall certify to the Mayor the three persons with the highest grades on the appropriate eligible list. When the Mayor provides notice that he intends to fill a position by appointment, the Civil Service Commission shall certify to the Mayor the three persons with the highest grades on the appropriate eligible list.
 {¶ 14} Pursuant to the collective bargaining agreement between the City and the firefighters, "all extended vacancies shall be filled within fifteen (15) days of the extended vacancy if reasonably known by the City." The agreement further provides that for extended vacancies which last thirty days, the City must assign "acting officer's pay" to the individual who assumes the duties and responsibilities for this position. In this matter, the record clearly indicates that the Mayor provided notice that he intended to fill the position of fire chief, albeit as an unclassified position. The trial court therefore had full authority to order that such action be undertaken pursuant to the applicable laws. This claim is therefore without merit.
 {¶ 15} Moreover, as this Court noted in East Cleveland Firefighters,Local 500 v. Civil Serv. Commn. Of East Cleveland (Dec. 19, 2000), Cuyahoga App. No. 77367:
 {¶ 16} "The Supreme Court has previously concluded that the express language in the East Cleveland Charter, Sections 28-31, enables the City to exercise local self-government powers in a manner contrary to state civil service statutes. State ex rel. East Cleveland Association ofFirefighters, Local 500, I.A.F.F. v. East Cleveland (1988),40 Ohio St.3d, 222, 224, 533 N.E.2d 282. As a result, the city ordinances constitute a proper exercise of such home rule authority and, thus, supersede the provisions of R.C. Chapter 124. Id., citing, in part, Sections 3 and 7, Article XVIII of the Ohio Constitution.
 {¶ 17} "* * *
 {¶ 18} "The provisions of Chapter 123, as enacted by ordinance, also provide for promotional examinations and set forth the qualifications necessary to take such examinations.
 {¶ 19} "* * *
 {¶ 20} "Section 123.08(a) sets the initial eligibility requirement to take a promotional examination: `an applicant must have at least one year of service in the rank immediately below the rank for which he is an applicant.' Subdivisions (b) through (d) of that section provide for competitive examinations[.]"
 {¶ 21} Moreover, Section 121.06 states that the "Fire Division shall be composed of a total of not more than 53 officers in the classified service." Section 123.02(c) states that "The classified service shall consist of the regular members of the Police and Fire Divisions only." See, also, Section 29 of the Charter of the City of East Cleveland. Section 123.03 provides that "All appointments and promotions in the classified service of the City shall be made by the Mayor, according to merit and fitness, which shall be ascertained by competitive examination[.]"
 {¶ 22} Further, courts have condemned those hirings or terminations which are designed to thwart the civil service requirements.Cleveland Heights Fire Fighters Ass'n v. City of Cleveland Heights
(December 20, 1979), Cuyahoga App. No. 39405; State, ex rel. Click v.Thormyer (1958), 105 Ohio App. 479, 151 N.E.2d 246.
 {¶ 23} In accordance with all of the foregoing, it is clear that the appointment of Adams was contrary to the provisions of the city's ordinances and Charter which clearly indicate that the Fire Chief must be a classified employee who fulfills all of the requirements for that office. Moreover, any action designed to simply recreate the position of Fire Chief as an unclassified position in order to circumvent the civil service requirements must fail as a matter of law, as an unlawful interference with the civil service laws.
 {¶ 24} The City's first assignment of error is without merit.
 {¶ 25} The City's second assignment of error states:
 {¶ 26} "The trial court erred in issuing a mandamus order when in fact Plaintiff has failed to file a petition for a writ of mandamus."
 {¶ 27} In this matter, plaintiffs sought injunctive relief. See Complaint at Paragraph 10. They sought a prohibitory injunction insofar as they asked that the court enjoin defendants from appointing Adams to the position (Complaint at Paragraph 10(a)); and they sought a mandatory injunction insofar as they sought to compel defendants to comply with the controlling authority in selecting a new fire chief (Complaint at paragraph 10(b)). Cf. State ex re/. Fenske v. McGovern (1984),11 Ohio St. 3d 129, 464 N.E.2d 525. The trial court granted the requested relief. Accordingly, we cannot accept the contention that the trial court exceeded its authority by issuing a writ of mandamus.
 {¶ 28} The City's third assignment of error states:
 {¶ 29} "The trial court created the appearance of impropriety by presenting his decision in this case to the Northern Ohio Firefighters Association in seeking their support of his candidacy for judge, thereby voiding his decision."
 {¶ 30} This court has no jurisdiction over the enforcement of the Ohio Code of Judicial Conduct; allegations of judicial misconduct are matters reserved for the discretion of the Ohio Disciplinary Counsel. State v.Richard, Cuyahoga App. No. 85407, 2005-Ohio-3723; Bahawangi v.Alsamman, Cuyahoga App. Nos. 86380 87107, 2006-Ohio-3163.
 {¶ 31} Accordingly, this court is without authority to consider the essential claim of this assignment of error and it is therefore overruled.
[1] See East Cleveland Firefighters Assoc. v. Civil Service Commn. (Nov. 15, 1999), Common Pleas Case No. 345347; see, also, Cleveland Civil Service Employees v. Cleveland Cuyahoga App. No. 79593, 2002-Ohio-586.
Affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., CONCURS.
MELODY J. STEWART, J., CONCURS IN PART AND DISSENTS IN PART (SEE ATTACHED CONCURRING DISSENTING OPINION)