{¶ 32} I concur in the majority opinion with regard to assignments of error two and three. However, I find appellant's first assignment of error well taken and therefore respectfully dissent from the majority's decision to affirm the trial court's order requiring the city to appoint a Fire Chief or Acting Fire Chief. While the trial court properly ruled that any appointment to the classified position of Fire Chief be made according to law, the trial court has no authority to order the Mayor to fill the position.
 {¶ 33} East Cleveland Ordinance Section 121.02 provides that, "Nothing contained in this Chapter shall be construed as requiring the Mayor to fill any position herein provided. The Mayor shall have full authority to leave positions vacant or to combine the duties of two positions under a single employee whenever he deems it to be in the best interest of the City." Section 121.06 states that there shall be "not more than one Fire Chief." In State ex rel. East Cleveland Firefighters Local 500v. East Cleveland (1988), 40 Ohio St.3d 222, the Ohio Supreme Court construed the language in these ordinances and found that the city did not have a legal duty to fill the vacant position left after one of the city's six lieutenants resigned. The court determined that the language "not more than six," combined with the discretion the ordinances granted the Mayor over whether to fill any vacancy in the fire department, allowed the Mayor to decide not to fill the position. This was so, even though the city had always maintained six lieutenants. Therefore, pursuant to the Charter and codified ordinances of the city of East Cleveland and the Ohio Supreme Court's opinion, the decision of whether to fill the vacant Fire Chief's position is to be left to the discretion of the Mayor, who is under no legal duty to fill a vacant position in the city's classified civil service.
 {¶ 34} The civil service provisions of the Charter and ordinances relating to procedures for filling the vacant Fire Chief's position have no application unless, and until, the Mayor provides notice that he intends to fill the vacant position in the classified service. State exrel. East Cleveland Firefighters Local 500, 40 Ohio St.3d at 225. Mayor Brewer has provided no such notice. The majority asserts that Mayor Brewer did provide notice of his intent to fill the chief's position when he appointed an unclassified person as Fire Chief. Appointing Ken Adams as Fire Chief was clearly contrary to the provisions of the city's Charter and ordinances. Contrary to the majority opinion however, the appointment does not constitute the prerequisite notice by the Mayor that he intends to fill the vacancy. See East ClevelandFirefighters, supra, (a temporary appointment of an acting lieutenant did not constitute the prerequisite notice of intent to permanently fill the position by promotion). Absent such notice, no civil service promotion actions can commence. Therefore, the trial court erred when it ordered the city to immediately appoint a Fire Chief or an Acting Fire Chief to fill the position vacated by former Chief Jenkins.
 {¶ 35} The majority also asserts that prior to leaving office, former Mayor Saratha Goggins appointed plaintiff Jonovich to the position of Acting Fire Chief when Chief Jenkins retired. There is no evidence to support this assertion[2]. There is no evidence indicating that any firefighter was appointed "Acting Chief prior to Mayor Goggins' leaving office, neither is there any evidence that Mayor Goggins provided notice that she intended to fill the Fire Chief position. Until the current Mayor or a successor gives notice of an intent to fill the vacancy, the position of Fire Chief can legally remain vacant and the trial court cannot order the Mayor to fill the vacancy. As the majority properly notes however, the trial court can order that any actions to fill the vacancy be undertaken pursuant to applicable laws.
 {¶ 36} For the foregoing reasons, I concur in part and respectfully dissent in part.
[2] Plaintiffs-appellees allege this appointment in their brief. It appears, however, that they are relying on a corrected portion of Mayor Goggins' affidavit that specifically deleted this information. *Page 1